## AUGUST RUNQUIST V. ANNA S. ANDERSON.

FILED MAY 21, 1902.   No. 11,847.

Commissioner's opinion, Department No. 1.

1. **Instructions: OBJECTION EN MASSE.** Objections to instructions *en masse* will not be considered where any of those so complained of, are correct.

2. **Instruction: REDELIVERY BOND: ESTOPPEL.** Instruction that the giving by plaintiff, as surety, of a redelivery bond for property levied upon, does not of itself estop her from maintaining, after its return and a vain demand for it, an action for its conversion by the execution creditor approved.

3. **No Plea of Estoppel: No OFFER TO SHOW KNOWLEDGE: EVIDENCE.** Where no estoppel on that ground is pleaded, and no offer made to show knowledge by the wife at the time of the facts, it is not error to refuse evidence that the debt for which property was levied upon, was contracted through faith on the creditor's part in the husband's ownership of the property in question.

4. **Purchaser: SUBSEQUENT STATEMENTS.** Mere subsequent statements by a purchaser at execution sale, are not competent proof of facts stated as against one suing for conversion by such sale of the property sold.

ERROR from the district court for Polk county. Tried below before SORNBORGER, J. *Affirmed.*

*John Tongue,* for plaintiff in error.

*King & Bittner, contra.*

HASTINGS, C.

This is an action for conversion, brought by the wife of an execution debtor against the execution creditor, who procured a levy and sale of personal property. Complaint

is made of certain instructions to the jury given and re-
fused; that the verdict is not sustained by sufficient evi-
dence; that the evidence shows an estoppel on the plain-
tiff's part to claim the property in question by reason of
her conduct after the levy in connection with giving a re-
delivery bond to the officer; and, finally, certain refusals
of evidence by the trial court are urged as being fatally
erroneous.

The complaint, *en masse*, as to the giving of eight in-
structions, and in the same way as to the refusal of four
instructions, need not be considered. In each batch are
some, at least, which were proper. Under the repeated
rulings of this court, if any of those refused should not
have been given, the action of the court must be affirmed,
and the same is true as to the eight given by the court. The
district court held, and instructed the jury, that the sign-
ing of the redelivery bond of itself would not estop the
plaintiff from claiming title to the property after its re-
turn to the officer who had levied upon it. No exception
appears to the giving of any of the instructions in which
this is stated, except instruction 13. The giving of this
instruction is expressly complained of in the petition in
error, and it was expressly excepted to at the time it was
given. It contains, as before stated, the district court's
conclusion that the giving of the redelivery bond of itself
would constitute no estoppel against plaintiff's claiming
title in the property after its return to the officer. This
is apparently the main legal question in the case. We are
not cited to any holding that the recitals in this bond
would prevent the assertion of title by the plaintiff to the
property after the bond had been complied with and the
property returned. In *Cooper v. Davis Mill Co.*, 48 Nebr.,
420, a number of cases are cited to the proposition that
such a bond would not create such an estoppel, but it is
expressly declared that this question does not arise in that
case, and is not decided. Counsel for the defendant says
that the question has not been decided in this state. In
*Hilton v. Ross*, 9 Nebr., 406, the giving of such a redelivery

bond is held not to estop the defendant from questioning the validity of the seizure and moving to dissolve the attachment. This conclusion is reaffirmed in *Wilson v. Shepherd,* 15 Nebr., 15. The cases cited with apparent approval by this court in *Cooper v. Davis Mill Co.,* 48 Nebr., 424, from other states, hold that the surety on such a bond may, by appropriate action, set up title in himself after the property has been restored to the officer. We are satisfied with the soundness of this doctrine and the correctness of the trial court's conclusion that the redelivery bond of itself did not estop plaintiff from claiming title. It is thought that there was no prejudicial error in the giving or refusing of instructions.

The evidence seems to have been sufficient to have supported even a larger verdict than plaintiff recovered, but the jury were warranted in concluding that the property was really bought in for the most part by the husband's brother, and for plaintiff and her husband's use. The woman, in truth, seems to have been simply given a verdict for one cow's value, and the evidence clearly showed her placing of one cow on the farm.

The evidence offered that defendant loaned money to plaintiff's husband on the faith of the latter's ownership of the property in question was rightly refused. No offer was made to connect the plaintiff with the transaction. The only issues were whether or not the property belonged to the plaintiff, and whether or not she was estopped from claiming it by the redelivery bond and the circumstances of its execution. No estoppel by reason of permitting her husband to get credit on the strength of ownership of her property was alleged, and the facts of these negotiations between defendant and her husband, which were not offered to be connected with her, had no bearing on the questions at issue. The same is true, with the addition that the whole matter was still more remote, as to proposed evidence of conversations of defendant with Axel Anderson, the purchaser of the property at the execution sale. Quite possibly the statements of Axel Anderson were as to

things which would have tended to disprove plaintiff's ownership, but, if so, his statements out of court to the defendant had no place at the trial. His knowledge, if desired, should have been put in through his own testimony. His statements are not declarations as to title, made by an owner, but are merely as to the conducting of the sale, held at defendant's instance.

It is recommended that the judgment of the trial court be affirmed.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.