## Futrell v. Reeves.

(Decided June 8, 1915.)

Appeal from Ballard Circuit Court.

1. Brokers—Owner Completing Negotiation Initiated by Broker Liable for Commissions.—Where the owner of a farm employed

a broker to find a purchaser therefor, at $7,975 net, and agreeing that if he himself sold the farm during the life of the contract he would pay the broker $500, and the broker found a prospective purchaser, with whom the owner entered into direct negotiations resulting in a sale at $7,975 during the life of the contract, the owner was liable for the five hundred dollars, so agreed to be paid.

2. Brokers—Right of Broker to Compensation. Where Owner Concludes a Sale On Terms Other Than Those Broker Authorized to Negotiate.—Where the owner negotiates a sale of his land with a purchaser brought to him by the broker, upon terms different from those which the broker was authorized to offer, the broker is not deprived of his compensation.

JOHN E. KANE for appellant.

J. B. WICKLIFFE for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

On February 2, 1914, T. E. Futrell, being the owner of a tract of land which he desired to sell, entered into a contract with G. J. Reeves, employing him to find a purchaser therefor, at the price of not less than $7,975 net to the owner, of which $4,975 was to be cash and the remaining $3,000 to be paid by the purchaser assuming a mortgage debt against said land, held by the Union Central Life Insurance Company. The contract contained this additional stipulation: "It is further understood and agreed between the parties that if the party of the first part sells or conveys the above described tract of land while this contract is in force, said party of the first part shall pay to the second party five hundred dollars commission." The contract by its terms expired on April 1, 1914.

At some time prior to March 19 Reeves got in touch with a prospective buyer by the name of Cave, who at that time lived in Canada, and whom he took to examine the farm twice. Futrell ascertained who the prospective purchaser was, and succeeded in entering into direct negotiations with him, which resulted in a sale to him of the farm on March 19, 1914, at the price of $7,975, together with certain personal property at the price of $1,165.

Futrell and Cave entered into a written contract evidencing this transaction, on March 19, 1914; and this contract contains a provision that the deed was not to be made until on or after April 2, 1914. The deed was executed on April 4, 1914, in accordance with the terms

of the purchase by Cave; and Reeves' demand for compensation in the sum of $500 being refused by Futrell, Reeves brought this action in the Ballard Circuit Court, and obtained a verdict and judgment therefor. The defendant appeals.

1. As has been stated, the contract between appellant and appellee provided that should appellant himself sell the farm before April 1, 1914, he should pay appellee five hundred dollars. But as appellee was employed to find a purchaser at the price of $7,975 net to appellant, we think it the proper construction of the contract that if appellee found a purchaser, his compensation would have been such sum as the purchaser was able, ready and willing to pay for the farm in excess of $7,975; and that the five hundred dollar stipulation was to apply only in case the appellant himself sold the farm other than through appellee.

1. The great weight of authority supports the rule that a stipulation in a real estate broker's contract promising him a compensation in the event of a sale of the property by the owner himself during the life of the contract is valid and enforcible, where the broker has used ordinary diligence in endeavoring to make a sale of the property. Schoenmann v. Whitt, 117 N. W. (Wis.), 19 L. R. A. (N. S.), 598 (with monographic note); Dobinson v. McDonald, 92 Cal., 33; Shainwald v. Cady, 92 Cal., 83; Crane v. McCormick, 92 Cal., 176; Metcalf v. Kent, 104 Iowa, 487, 73 N. W., 1037; Schlange v. Lennox, 101 Ill. App., 199; Chapin v. Bridge, 116 Mass., 105; Lapham v. Flint, 86 Minn., 376, 90 N. W., 760; Hoskins v. Fogg, 60 N. H., 402.

By the terms of the contract here under consideration appellee was to have $500 if appellant sold the land before April 1, 1914. And appellant did sell it on March 19, 1914, and executed a contract binding himself to make conveyance on or after April 2, 1914. This, and the fact that appellant warned Cave, the purchaser, to say nothing about his purchase, render it evident that the execution of the deed was postponed merely for the purpose of attempting to defeat liability to appellee.

2. The sale made by appellant to Cave was not made upon the same terms as those provided for in this contract with Reeves, as he received only $1,000 in cash on the execution of the deed, $2,000 to be paid about May 1, 1914, $3,000 to be paid by the assumption of the mort-

gage to the Union Central Life Insurance Company, and the remainder to be paid in three years. Because of this deviation in the terms, appellant contends he is not liable under his contract with appellee.

But appellee's claim is not based on the obtaining of a purchaser; it rests upon that clause of the contract whereby appellant agreed to pay appellee five hundred dollars should he withdraw the property during the life of the contract. However, where a broker brings the parties together, the fact that they conclude a transaction different in terms from the one which the broker was authorized to negotiate does not deprive him of his right to commissions. 19 Cyc., 249; Coleman v. Meade, 13 Bush, 358. So that, even if his claim rested upon the ground of services rendered in finding a purchaser, appellee would have been entitled to a recovery.

Judgment affirmed.