STANLEY A. HARVEY

 VS.

HARRY HIRSCH.

No. 7518.

April 17th, 1919.

CHARLES F. CLAIBORNE, JUDGE.

Plaintiff is a real estate agent. He sues for a commission upon the following contract:

N. O., La., July 28th, 1916.

"I hereby appoint S. A. Harvey, his heirs or successors, my agent and authorize him to sell or exchange my property known as 603 - 617 inclusive and 615 - 17 in rear Gen. Taylor corner Annunciation &c . . . Sell 615 - 17 Gen'l Taylor $2000 Net or

" 603 - 7 - 9 - 11 - 13 Gen'l Taylor $2500 Net, for the price and sum of Forty-five hundred Dollars ($4500.00) net. Owner agrees to pay all mortgages. Interest and taxes for 1916 to be prorated by the vendor. If property is sold for this amount or less, owner agrees to pay his agent three per cent commission. I give my agents sole control of same from date, and to put up signs; and further agree not to interfere in the sale of said property during the term of this contract. I also bind myself to refer all applicants for the purchase of said property to my agent. I will notify my agent in writing and give him ninety days notice if I desire this contract discontinued. When this property is sold, I agree and bind myself to pay my agents all over $4500.00 for their commission, no matter by whom the property has been sold, or if any of the preliminaries of sale are made during the term of this contract, and sale itself is consummated thereafter, I agree and bind myself to pay my agents all over $4500.00 and if sold for less than this amount owner agrees to pay three per cent commission. In the event of no sale being effected during the existence of this contract no charge will be made for commission.

933

333

It is understood and agreed that my agents' labor ceases when the deposit is put up, and that the commission or difference is earned, and will be paid by me whether the title of said property is accepted or rejected by the purchaser. My agent is authorized to accept a deposit of ten per cent of the purchase price, and in case of suit, or if the services of an attorney are required to recover any part of the commission or difference due, 25 per cent, will be added for attorney's fees.

"Signed"　　Harry Hirsch.

The plaintiff alleged "that he spent a great deal of time in endeavoring to interest prospective purchasers, and while the said contract was in full force and effect, petitioner never having received any notice that the said Harry Hirsch desired same discontinued, on December the 28th, 1916, the said Harry Hirsch sold the property to Karl Adler for $3500.00, and now refuses to pay your petitioner the 3% stipulated in the said contract as detailed above". He prayed for $105.00 commission and 25% attorney's fees thereon.

For answer the defendant admitted signing the above contract, but denied that the plaintiff had spent a great deal of time in endeavoring to sell said property, or spent any money, or did anything looking to the sale of the property; he admitted that he sold the property for $3500; he averred that the contract sued on was null, void, and of no effect, for want of mutuality and for want of consideration; that the plaintiff neither did nor gave, nor promised to do or give anything as a consideration for signing of the contract, and that it is a nudum pactum without any force or effect.

The plaintiff as a witness testified that he advertised the property several times and submitted it to several prospective purchasers, and that he was advertising the property, at the time it was sold by Mr. Hirsch, in the Item and Times-Picayune.

There was no other testimony. There was judgment for plaintiff as prayed for and defendant has appealed.

The reasons for judgment given by the District Judge were as follows:

"Under this contract, Harvey advertised the property for sale and made efforts to sell it, and was continuing the efforts, when, without having terminated the contract, Hirsch on December 28th, 1916 sold the property for $3500.00. Harvey brings this suit on the contract to recover three per cent on the purchase price plus 25 per cent attorney's fees thereon. The defense pleaded is "that the contract sued on is null, void, and of no effect for want of mutuality, and also further that the contract is null, void, and of no effect for want of consideration; that the plaintiff had neither given, nor promised to give, nor done anything, as a consideration for the signing of the said contract, and that it a nudum pactum and without any valid force or effect. It is plain that when the document was handed to plaintiff, it constituted a pollicitation, and that when it was accepted by him, and his consent thereto expressed by his acting on it, it became a contract of mandate. Rev. C. C., 1797, 1798, 1802, 1803, 1811. A just cause is always understood unless the contrary is shown. The burden of proof to show want of cause is on defendant. 16 A., 366. Article 1894 provides: An agreement is not the less valid though the cause be not expressed". The cause "not expressed" in this contract is plainly the procurement by the defendant of the services and facilities of the plaintiff, by and through which a sale of this property might be secured. In order to procure this chance he was willing to and did contract that he would pay the three per cent commission if the property was sold during the term of the contract, no matter by whom the sale was effected. He did get the benefit of the services and facilities of the plaintiff for which he contracted. The consideration was real, and the contract was valid. In the case of Gurley vs. the City of New Orleans, 41 A., 79, the Supreme Court quotes with approval the statement of Trolong that a mandate is a consensual and imperfect synallagmatic contract by which one binds himself either gratuitously or for a

renumeration to manage or direct a licit matter for which he is to account. That the principal may always revoke, ad nutum, the powers conferred, and when this occurs, renumeration is due up to then only, observing that it is for the mandatory to guard against such results by stipulating that the entire compensation shall accrue to him by the solitary fact of his immixtion. This is exactly what the plaintiff did in this case. There is nothing wrong, immoral, inethical, or unjust in such a contract. The real estate agent who honestly engages to endeavor to effect a sale of his principal's property incurs expenses and expends time and labor in so doing. If he could not protect himself by such a contract, he could easily be robbed of the fruit of his labor and expenses, or of his chance to benefit thereby. The defense set up is not well founded".

We cannot better express our own opinions upon the questions involved in this case, and we adopt the reasons of the learned judge as our own. We had occasion to pass upon similar questions in the cases of Freeman vs. Diboll, 11 Ct. App., 199, and Kostmayer vs. Landry, 12 Ct. App., 385.

The case of Campbell vs. Lambert, 36 A., 37, and the line of authorities in accordance therewith, quoted by defendant are not applicable to the relations of principal and agent disclosed in this case. There was mutuality and consideration in the contract in this case.

It is true that the general jurisprudence is, and this Court has itself decided, that in order to entitle a broker to a commission he must be the procuring cause of the sale. But this rule applies in the absence of a contrary agreement; there is no law that makes a nudum pactum a contract by which the agent shall be entitled to a commission in the case the sale is made through himself or through the owner, or through any one else. Such a stipulation is made precisely for the purpose of avoiding the necessity of a lawsuit to determine through whose agency the sale was consummated.

See 9 C. J., 575 &74 p 576 note 30. 31 ·

"The great weight of authority supports the rule that a stipulation on a real estate broker's contract promising him a compensation in the event of a sale of the property by the owner himself during the life of the contract is valid and enforcible, where the broker has used ordinary diligence in endeavoring to make a sale of the property". 176 S. W., 1151; 43 S. W., 922; 128 S. W., 20.

"As a general rule a real estate broker who is given an exclusive right to sell property is entitled to a commission on any sale thereof made by the principal either independently or through the efforts of another broker within the time specified in the contract of employment although the exclusive agent's efforts did not contribute toward the sale as when the principal himself sells the property without the oroker's aid". id p. 622 §101.

It is therefore ordered that the judgment be affirmed.

April 17th, 1919.