CARL MAU, PLAINTIFF-APPELLANT, v. VULCAN BUILDING AND LOAN ASSOCIATION, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted October term, 1932—Decided May 3, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the defendant-respondent, *Joseph Steiner.*

For the plaintiff-appellant, *Bennett & Hanschka.*

PER CURIAM.

The plaintiff was a real estate broker who negotiated a lease of property belonging to the defendant corporation with one Miller as tenant. There was a written agreement between the parties as to the leasing, the pertinent language of which is as follows: "On a lease for less than one year, or from

month to month, five per cent. of the total sum of one year's rental, and five per cent. of a renewal thereof." It is not disputed that the plaintiff obtained a tenant, Miller, and that a lease was negotiated, dated October 24th, 1928, for the term of one year. There was a further provision that if the plaintiff should succeed in selling the property to Miller he was to receive a commission of three and a half per cent. of the purchase price.

The tenant remained in possession of the property for the first year and we assume that the plaintiff received his commission. The tenant, however, remained an additional two years although he did not sign a renewal of the lease but stayed as a month to month tenant. On November 1st, 1931, the premises were sold to Miller. Plaintiff, learning this, demanded his commission from the defendant which it refused to pay. Suit was brought resulting in a verdict for the defendant, the court holding that the lease was not renewed and that the facts in the case were not sufficient to constitute a sale.

Plaintiff appeals on three grounds: First, regarding the admission of oral testimony concerning the sale of the premises; secondly, error at law regarding the renewal of the lease; third, that it was a mistake to give judgment in favor of the defendant and against this plaintiff.

We think all three grounds of appeal are well taken.

As to the sale of the premises, the lease provides that the defendant pay commission to the plaintiff if the leased premises should be sold to Miller; that the sale would be made through the plaintiff.

The premises were sold, the purchaser, Miller, giving back a purchase-money mortgage for the full contract price, namely, $12,000. It appears, however, that Miller and the defendant agreed between themselves, and orally, so far as the record shows, that the sale was contingent upon Miller obtaining by a given date after the conveyance of title the sum of $1,000 which sum would be applied on account of the purchase price and that Miller having failed to obtain the $1,000 did reconvey the property to the defendant, building and loan asso-

ciation. The court admitted this evidence. This, we think, was clearly error. *Elwood* v. *Smith,* 104 *N. J. L.* 248; 139 *Atl. Rep.* 900. The plaintiff's commission was earned and his right thereto unassailable under the agreement immediately upon Miller buying the property from the defendant, and he thereupon became entitled to the commission in the sum of $420.

Secondly, as to the leasing, the plaintiff became entitled to five per cent. of any and all rent paid under this proviso: "On a lease for less than one year, or from *month to month,* five per cent. on the total sum of one year's rental, and five per cent. of a renewal thereof." This clause clearly means that it was the intention of the defendant and so understood by the plaintiff that a five per cent. commission would be paid on the rent collected, whether the tenancy was by lease renewal from year to year or by a continuance of the tenancy from month to month, even though it ran over a period, as in this case, of two years.

It follows, therefore, that the third point was well taken, namely, that it was error to have entered judgment for the defendant, and since the findings of the trial judge are fully stated in the case as settled by him, those findings are before us with all the effect of a special verdict.

Judgment for the plaintiff will be entered in the amount claimed, providing the plaintiff will waive the excess over and above the statutory limitation as to amount in the District Court since the interest, properly chargeable, will bring the sum total over the amount of $500. *Smith* v. *Ocean Castle,* 59 *N. J. L.* 198; 35 *Atl. Rep.* 917; *Sullivan* v. *Visconti,* 68 *N. J. L.* 543; 53 *Atl. Rep.* 598; *Elwood* v. *Smith, supra.*

The judgment of the District Court is reversed with a direction to that court to enter judgment in accordance with these findings.