## Denny v. Hogue et al.

(Decided June 19, 1936.)

DUNCAN & DUNCAN and E. BERTRAM for appellant.

H. C. KENNEDY, J. M. KENNEDY and J. P. HARRISON for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming.

Appellees, Hogue and Bain, owners of a group of oil and gas leases, on April 3, 1930, authorized the appellant, J. C. Denney, to sell them for $20,000, agreeing to pay him as commission 5 per cent. on that sum, and, in addition all over $20,000 that he might be able to sell the properties for. This contract was extended by indorsement several times. The stipulated price was reduced to $15,000, but the entire authority expired June 20, 1933. Denney continued his efforts to sell the leases under a verbal agreement. There were differences between the two owners respecting the sale, one being anxious to dispose of the leases, and the other not wishing to sell them. After some understanding was reached between the owners as to who should pay the commissions to the agent, it was agreed that his compensation should be all realized in excess of $15,000, without any percentage thereon. Denney sold the leases to the Eastern Oil Corporation in September, 1933, for $18,000. The terms of the contract of assignment were $3,000 cash, and the balance on certain deferred dates, with a lien retained to secure its payment. As a side agreement of accomodation, the purchaser was permitted to give a check then for $2,000, and another within a few days for $1,000. Denney then prepared, and Hogue and Bain signed and delivered to him, the following writing:

"The transfer of Oil Property from E. C. Hogue and Wm. Bain to the Eastern Oil Corporation was sold under option by J. C. Denney from the said E. C. Hogue and Wm. Bain and which transfer shows the sum to be paid by the Eastern Oil Corporation to be $18,000.00. The said J. C. Denney was to have all over $15,000.00. That the

property was sold for and J. C. Denney was to have his private part of each payment set out in said transfer to the Eastern Oil Corporation until $3,000.00 have been paid.

"J. C. Denney is to receive his payments as follows:

| | | |
|---|---|---|
| First check of $2,000.00 | Denney part | $ 333.33 1-3 |
| Second check of $1,000.00 | Denney part | 166.66 2-3 |
| Third check of $3,000.00 | Denney part | 500.00 |
| Fourth check of $6,000.00 | Denney part | 1,000.00 |
| Fifth and last check $6,000.00 | Denney part | 1,000.00 |
| Total to be paid | | $3,000.00" |

The first deferred payment of $3,000 not having been paid, Hogue and Bain brought suit for the entire balance of the consideration and the enforcement of their lien. At the foreclosure sale they bought the property for $5,000. Denney then sued them for his commissions, or share in the sale price, namely, $3,000, less the $500 which he had received. The defendants set up the above writing, and pleaded that under it Denney was entitled to no more than $500, since that was all the money ever paid by the purchaser, and his agreement was that he should be entitled to nothing more than his proportionate share of whatever sum might be actually realized from the sale. They further pleaded that, if the paper should not be so construed, the correct terms had been omitted from it by mutual mistake, and they asked a reformation to conform to the true contract.

A jury was waived, and, upon the evidence, the court adjudged Denney was entitled to an entire commission of $1,333.33, being one-sixth of the cash payment, and $5,000, which was regarded as the value of the property recovered or brought back by the defendants. The net judgment, therefore, was for $883.33. Denney appeals, insisting that he is entitled to a net judgment of $2,500.

We do not think it necessary to reform the writing, for it provides clearly just when and out of what funds Denney's compensation should be paid. It manifests an intention to receive only his proportionate share of the purchase price actually paid. Where the agreement is that compensation or other payment is to

come out of a designated fund to be earned or realized, and such sum is never realized, nothing is payable under the contract. Fox v. Buckingham, Trustee, 228 Ky. 176, 14 S. W. (2d) 421; Hibbs-Kiefer Hat Co. v. Schneiderhan, 236 Ky. 470, 33 S. W. (2d) 304; Damron v. Stewart & Weir, 253 Ky. 394, 69 S. W. (2d) 685. A case of particular application is Odem Realty Co. v. Dyer, 242 Ky. 58, 45 S. W. (2d) 838, in which it is held that, when a contract of brokerage, like any other contract, contemplates a completed transaction, there is no obligation to pay until the conditions of payment are fulfilled, and under the terms of the contract involved the owner was under no obligation to pay the agent's commissions except from money collected as the proceeds. We do not regard the record as showing the owners did anything to prevent the full performance of the contract of sale; hence that they violated no implied obligation not to do so. Of course, if in the future the appellees should collect any more of the purchase price, or deficiency judgment, they are bound under their contract to pay the appellant his proportionate share. We are of the opinion the court's judgment is correct.

Wherefore it is affirmed.