## Consolidated Realty Co. v. Graves.

Oct. 6, 1942.

David R. Castleman, Jr., for appellant.

Davis, Boehl, Viser & Marcus for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

In 1928 appellee owned certain real estate located on Bardstown Road, Louisville, Kentucky, consisting of a storeroom and basement. At that time the appellant was engaged in the real estate brokerage business. H. C. Raymond was an employee or agent of appellant and was engaged by appellee to obtain a tenant for appellee's storeroom. As a result of Raymond's efforts the Kroger Grocery and Baking Company, hereinafter called lessee, became interested in renting or leasing the property and entered into a written lease which was executed by appellee and lessee. The lease was for a term of five years commencing November 1, 1928, and ending October 31, 1933, at a monthly rental of $200 with the following option for renewal:

"That said Lessee shall at its option be entitled to the privilege of 3 successive renewals of this lease, of 5 year term each, all the other conditions remaining the same as expressed herein."

Under the contract or agreement between appellee and appellant the latter's commission on the rentals for the original five year term of the lease amounted to $270, which was not paid however at the time the lease was entered into. On February 9, 1929, appellee wrote appellant the following letter:

"Louisville, Kentucky,
"Feb. 9, 1929.

"Consolidated Realty Co.,
"City
"Gentlemen:

"In view of the fact that the improvements on my property, which you leased to the Kroger Grocery & Baking Company have been rather extensive, I am requesting that you accept your lease fee in the form of a four month's note in the amount of Two Hundred Seventy ($270.00) Dollars.

"I further agree to pay you the Commission as prescribed by the Louisville Real Estate Board on renewal options as outlined in the lease, to be the usual fee as prescribed by the Louisville Real Estate Board.

"Yours very truly,

"(s) R. E. Graves."

Appellant accepted the note, which was paid at maturity according to the terms thereof, which was in satisfaction of appellant's commission for securing the original five year lease ending October 31, 1933.

On October 31, 1933, appellee and the lessee entered into a contract pursuant to which the lessee has since occupied the property at a rental of $190 per month from November 1, 1933, to January 31, 1935; $125 per month from February 1, 1935 to January 31, 1936; and at $100 per month to January 31, 1940. It is admitted in the petition by appellant and admitted here on this appeal that the new contracts entered into referred to above were made between appellee and the lessee without the knowledge or consent of appellant and that it had nothing to do with the new contracts.

In February, 1940, appellant brought this action in the Jefferson Circuit Court to recover of appellee the sum of $274.50, commission on the rentals paid appellee by the lessee pursuant to the alleged renewal contracts from November 1, 1933, to January 31, 1940. It is not disputed that appellant is entitled to this sum if it is entitled to any commission at all under the renewal contracts. Among other things appellee pleaded as a defense that the $270 note accepted by appellant for its commission on the original five year term of the contract was accepted by appellant in full for all services rendered by appellant in connection therewith and that the last contracts entered into between appellee and the lessee on and after October 31, 1933, were new and independent contracts between appellee and the lessee and that appellant had no connection therewith; that because of the depression existing in 1933 the lessee was threatening to and would have vacated appellee's property had he not consented to a lower rental, and in order to keep his property from being vacated he entered into the last contract with the lessee and it was not according to "renewal options as outlined in the lease," as

stated in appellee's letter of February 9, 1929, or otherwise in accordance with the contract and hence the last paragraph of the letter in reference to payment of commission on renewal options was without consideration.

By subsequent pleadings issue joined and proof heard thereon. However, since the facts are not seriously, if at all, in dispute it becomes unnecessary for us to discuss the evidence, since the question for determination is one of law rather than disputed facts.

The chancellor rendered an opinion which was made a part of the record and after outlining the facts substantially as we have stated above, in part said:

"This court deems it unnecessary to determine whether such agreement or stipulation contained in such letter is enforcible or non enforcible in support of Plaintiff cause of action, in that if the contract or case (lease) which Plaintiff procured for Defendant was carried out between the parties then Plaintiff is entitled to its commission, and the letter does not enlarge any right then existing as between Plaintiff and Defendant.

"The lease which Plaintiff procured for Defendant was to run from November 1—1928 to October 31—1933, with an option in favor of the lessee of the privilege of three successive renewals of 5 years each.

"Before the expiration of the above lease, the plaintiff landlord and the tenant on Sep. 19—1931 agreed to reduce the monthly rental and on Nov. 29—1932 the landlord and tenant agreed in writing, to cancel lease dated Oct. 11—1928 (This being the same as referred to as exhibit 1 and 2 and was apparently intended as the lease dated Nov. 1—1928) and in lieu thereof such term to begin Dec. 1—1932 and end Nov. 30—1933.

"Under the proof none of the options for renewal were ever exercised, however new leases were entered into, but none for the terms called for under such option, or at the rent specified in lease.

"It is admitted that the Consolidated Realty Co. took no part in bringing about any agreement or terms of tenure from and after procuring the first lease Nov. 1—1928 to Oct. 31—1933.

"Plaintiff is claiming that notwithstanding that none of the options called for under lease were ever exercised, that the fact of the landlord and tenant making entirely different terms than those called for in Ex. 2 and of new leases and terms having been completed between the landlord and tenant, that such transactions gave the Plaintiff the right or claim for its real estate commission, on the entire time that the tenant occupied Defendant premises regardless of the terms or tenure.

"This Court cannot agree with Plaintiff. It appears to us that the result of Plaintiff's efforts, for which it was entitled to a commission, was the procuring of a lease for 5 years with the options for renewals therein set out.

"If the options for renewals had been exercised according to the tenure (terms) of such lease as procured by Plaintiff, then Plaintiff was entitled to its commission; on the other hand if such terms of lease were not carried out, but entirely new terms and obligations between the landlord and tenant were entered into without the help or services of the broker then the broker is not entitled to a commission on the result of a separate agreement between the landlord and tenant.

"In view of the court's findings it is hereby ordered that Plaintiff's petition be and is hereby dismissed with Judgment for Defendant."

Judgment was entered dismissing appellant's petition and appellant has filed the record with the clerk of this court together with its motion for an appeal.

The decisive point is whether or not the trial court reached the correct conclusion of law applicable to the facts of this case as set out in the last paragraph of its opinion, quoted above; namely, whether or not the fact that appellee, landlord, and the lessee entered into the renewal contracts without the help or services of the appellant, deprived appellant of its brokerage or rentals paid under the new or extended contracts from October 31, 1933 to January 31, 1940.

The original five year contract executed in November, 1928, provided that the lessee should have the option or privilege of three successive renewals of the lease of five year terms each, which was fifteen years,

and further provided: "all the other conditions remaining the same as expressed herein," one of which conditions being brokerage or commission on rentals paid by lessee to appellee. In Futrell v. Reeves, 165 Ky. 282, 176 S. W. 1151, it was held that where a broker brings the parties together the fact that they conclude a transaction different in terms from the one which the broker was authorized to negotiate does not deprive the broker of his rights to the commissions. The same principle was adhered to in Curry v. Fetter, 15 Ky. Law Rep. 494, wherein the court held that one employed to find a purchaser for property at a stated price is entitled to his commission although the principal sells to the customer so found at a lower price. Also, in 9 C. J., page 605, sec. 91, the rule is thus stated:

> "The right to a commission is not affected by the fact that the principal and the customer, after concluding a contract, subsequently enter into an agreement modifying its terms, nor can a broker be deprived of his commission by any agreement of cancellation or release made by the principal and the customer, unless the agreement is entered into at the broker's request or with his consent."

See, also, 12 C. J. S., Brokers, Section 87. In the footnotes thereto the Kentucky case of Reid v. Thompson, 50 S. W. 248, 20 Ky. Law Rep. 1887, is cited.

Numerous foreign cases are cited in brief of appellant which seem to be in line with the authorities supra, but we deem it unnecessary to elaborate those cases. In addition to the provision in the original lease providing for commissions on renewal options as outlined in the lease, appellee specifically stated in the letter dated February 9, 1929, that he would pay appellant a commission on renewal options as outlined in the lease as prescribed by the Louisville Real Estate Board, which reads:

> "Where a lease contains a privilege of extension or option for renewal or purchase by the lessee, and in the event either privilege is exercised, charge the regular commission in accordance with lease or sales schedule, *whether or not said extension or purchase is made exactly on the terms stipulated in the lease.*" (Our italics.)

See, also, 43 A. L. R. 1122, Annotation.

It is true that the $270 note accepted by appellant was in satisfaction of all services rendered to date as regards the original contract or lease and appellant would not have been entitled to any further commissions had no renewal or extension of the lease been made, further compensation being contingent upon whether such extensions or renewals were subsequently made, but if and when they were made appellant was then entitled to a commission as prescribed in the original lease and the writing or letter of February 9, 1929. Denny v. Hogue et al., 265 Ky. 30, 95 S. W. (2d) 1124.

Appellee insists that the second paragraph of the letter of February 9, 1929, in reference to commission on renewals is void for want of consideration. It must not be forgotten that a contract must be construed as a whole rather than by any particular sentence, clause or part thereof. It is apparent from this letter that the $270 commission on the original contract was due or perhaps past due, but it not being convenient for appellee to pay this commission in cash he asked appellant to forbear demanding cash and accept a note on four months' time in lieu of cash payment, and then in the second paragraph of the letter appellee said he would pay appellant commission on renewals. While appellee did not specifically state that this promise of payment of commission on renewals was in consideration of appellant's forbearance to demand cash, yet we think the letter as a whole should be given that construction and hence the promise of commission on renewals is not without consideration.

In Montanus et al. v. Buschmeyer et al., 158 Ky. 53, 164 S. W. 802, wherein a similar question was involved, it was said:

"Ordinarily contracts are made up of several clauses, covenants, and stipulations, and under each of which, as in this one, one of the parties is perhaps the sole beneficiary, but each clause or covenant is treated as an inducement or consideration for the others."

For further discussion of the question of construing contracts or writings as a whole, and the lack of necessity of an expressed consideration for each clause or covenant when the instrument as a whole indicates that each clause or covenant is treated as an inducement or

consideration for others, see Cleveland Wrecking Company v. Aetna Oil Company, 287 Ky. 542, 154 S. W. (2d) 31, 137 A. L. R. 352.

We are not prepared to say that appellant would not be entitled to the commission sued for under the original contract aside from the letter referred to, but conceding arguendo that appellant would not have been so entitled but for the letter, we are constrained to the conclusion that considering the original contract in connection with the letter, appellant is entitled to commission on the renewal contracts. To hold otherwise would lay open the way for real estate owners to deprive the brokers or agents of their commission by simply entering into a new contract with the buyer or lessee cancelling the contract resulting from the services or efforts of the agent, and entering into a contract of sale or lease for a different price or consideration.

Wherefore, the motion for an appeal is sustained, the appeal granted and the judgment reversed and remanded for proceedings consistent with this opinion.