AARON G. COHEN *v.* JOHN J. LENEHAN

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 3—decided April 9, 1948

*Henry H. Hunt,* for the appellant (defendant).

*Joseph Swaye,* for the appellee (plaintiff).

DICKENSON, J. In this action by a real estate broker to recover a commission, the defendant has appealed from a judgment for the plaintiff on the ground that the latter failed to produce a customer ready, willing and able to purchase the defendant's property.

With such corrections of the finding as the defendant is entitled to, the facts may be summarized as follows: The defendant, an owner of a house and land, gave the plaintiff, a real estate broker doing business under the trade name of "Allied Associates," exclusive right to sell his property for an agreed commission. The broker produced, as prospective purchasers, Mr. and Mrs. Slauenwhite, with

whom the defendant entered into an agreement on October 12, 1944, by the terms of which they were to purchase the property on or before November 25, 1944, for the sum of $10,300, with a down payment of $100. The Slauenwhites had resources of substantially $5100. They applied to a home loan association for a prospective mortgage loan of $6500 on the defendant's property and on or about November 17, 1944, were assured by the president of the association that it would be granted, but that it would have to be passed upon formally at the next meeting of the board of directors, which was to be held on November 28, 1944, three days after the expiration date of their contract with the defendant. The plaintiff, who had the available funds, offered the Slauenwhites the cash necessary to purchase the property, the money to be repaid when they secured the loan. They accepted the offer and the plaintiff notified the defendant before November 25, 1944, that the cash for the deal was ready. The defendant refused to close the deal, retained the deposit and refused to pay the plaintiff a commission. The Slauenwhites' application for a loan was approved November 28, 1944. On these facts, the trial court held that the Slauenwhites were ready, willing and able to purchase and that the plaintiff was entitled to his commission.

A broker is entitled to his commission where he has produced a customer ready, willing and able to buy on terms given him by the owner, or upon terms accepted by the owner. *Commander* v. *Lawler,* 94 Conn. 125, 126, 108 A. 537; *Roche* v. *Curtin,* 131 Conn. 66, 69, 37 A. 2d 805. The agreement between the defendant and the Slauenwhites did not contemplate an immediate transfer of the property. By its terms, the defendant gave the prospective purchasers until

November 25, 1944, to meet the requirements that they be ready, willing and able. The parties have argued the case upon the basis of the ability of the Slauenwhites to buy, and we decide it upon that basis. The trial court found that they were ready, willing and able to buy. Its conclusion that they were financially able to purchase is based upon the finding that the plaintiff had offered the necessary money to tide them over until they secured their loan. The defendant contends that the offer was not in good faith and is conclusive of his claim that the Slauenwhites were not financially able to perform their part of the contract. The question of bona fides was for the trial court. As to its relation to the Slauenwhites' ability to perform, it appears not only that the offer was made but that it was accepted, and that the defendant was notified that the cash "was ready and waiting" for him. The trial court could reasonably reach the conclusion that when the defendant was notified that the purchasers were ready to close the deal they had immediately available the necessary funds to do so, and that they had the financial ability to perform. *McCabe* v. *Jones,* 141 Wis. 540, 542, 124 N.W. 486; *Pellaton* v. *Brunski,* 69 Cal. App. 301, 307, 231 P. 583; 12 C. J. S. 193. The question was one of fact for the trial court. *White* v. *Taylor,* 91 Conn. 581, 584, 101 A. 231.

There is no error.

In this opinion the other judges concurred.