GEORGE O. RANNEY *v.* MAIZIE M. ROCK

MALTBIE, C. J., BROWN, JENNINGS, ELLS and CORNELL, Js.

Argued February 1—decided April 26, 1949.

*Samuel C. Schlein,* with whom, on the brief, was *Michael J. Quinn,* for the appellant (plaintiff).

*Ephraim E. Sinn,* with whom, .on the brief, was *Omar W. Platt,* for the appellee (defendant).

ELLS, J.   The issue is whether the subordinate facts support the trial court's conclusion that the plaintiff, a real estate broker, was not the procuring cause of the sale of the defendant's property.

The question is one of fact for the trial court, and its judgment is conclusive unless contrary to or unsupported by the subordinate facts or in conflict with the settled rules of logic and reason or found in violation of some rule or principle of law. *Neville* v. *Yaknunas,* 132 Conn. 627, 630, 46 A. 2d 342.   Upon this basis the conclusion reached may be reviewed by us; *Ritch* v. *Robertson,* 93 Conn. 459, 463, 106 A. 509; and it cannot be sustained if the subordinate facts require as matter of law a different conclusion.

The plaintiff, who was engaged in the real estate business in Milford, called on the defendant on February 1, 1946, and inquired whether her property, known as the Beach Hotel, was for sale.   She replied in the affirmative and said that she wanted all cash. It was thereupon agreed that the asking price was to be $7500 and that if the plaintiff was successful in selling the property he was to be paid a commission of 10 per cent of the sale price.   On March 17, 1946, the plaintiff advertised the property in a newspaper published in Bridgeport, a nearby city, and as a result George J. Sanders of Milford called on the plaintiff at his house on that morning and inquired about the hotel advertised in the paper, a copy of which he had with him.   Thereupon the plaintiff took Sanders to the defendant's restaurant and asked the defendant for

the keys to the hotel. She said that she did not have them at that time but would have them at 3:30 o'clock that afternoon. The plaintiff told her that he could not come back at that hour but suggested to Sanders that he return then. Sanders did so, but the defendant refused to give him the keys. He persisted in his attempt to see the property and returned several times for that purpose and to urge her to sell it to him. He was shown through the hotel on March 20 and almost immediately agreed to buy it for $7500. On March 21 a written agreement was made, and early in April the hotel was conveyed to Sanders and his wife.

Further findings of fact made by the court are attacked by the plaintiff, but as there was evidence by the defendant to support them we cannot make the requested corrections. These findings are as follows: When the plaintiff took Sanders to the restaurant on March 17, he did not introduce him as a prospective buyer of the property; the defendant did not remember the plaintiff as the person with whom she had made the brokerage agreement on February 1 or as a person she had ever seen before; she thought that both the plaintiff and Sanders were prospective buyers and was not impressed by their appearance as persons able to buy the property; Sanders did not tell her at any time that the plaintiff was the agent who had interested him in the property; the plaintiff took no part in the negotiations between the defendant and Sanders after he took Sanders to the restaurant on March 17 and did not see the defendant again until July 7, 1946, when he learned of the sale to Sanders.

The trial court appears to have reached its decision that the plaintiff was not the procuring cause of the sale principally upon the conclusion that the sale was made entirely through the buyer's efforts; that although the plaintiff called the property to the buyer's

attention he thereafter did nothing more to effect a sale. The basic law is well settled. In the absence of a special contract to a contrary effect, a broker is entitled to his commission when he has procured a customer ready, willing and able to buy on terms prescribed or accepted by the owner. *Roche* v. *Curtin,* 131 Conn. 66, 69, 37 A. 2d 805; *Cohen* v. *Lenehan,* 134 Conn. 514, 515, 58 A. 2d 707. The facts of the present case are quite similar to those in *DeToro* v. *Cannata,* 114 Conn. 712, 157 A. 270, where the claim was made that the plaintiff was not the procuring cause of the sale because he did nothing more than direct the customer's attention to the property and took no part in the actual negotiations thereafter. After distinguishing *Rosenfield* v. *Wall,* 94 Conn. 418, 109 A. 409, we said (p. 713): "Here the plaintiff called the attention of the purchaser to the property, with the result that he ultimately did purchase it, though through negotiations carried on directly with the owner; and there was no breaking off of the relationship of the purchaser as the customer of the plaintiff and no intervention of any other broker or intermediary. Had it not been for the services of the plaintiff it is fair to conclude that the sale would not have been made." In *Fisher* v. *Hanson,* 99 Conn. 703, 122 A. 906, the owner effected a sale through another agent and there was an added impetus in the form of a reduced price, yet we said (p. 706): "It is the law that if a broker directly or indirectly has brought a prospective customer procured by him in contact with the owner, and the owner within a short time personally or by another agent effects a sale at a reduced price to such customer of the broker, and the relation of the purchasers as customers of the broker had not been expressly broken off, or the matter of the purchase ceased to be held under consideration by the purchasers before they en-

tered into negotiations with the owners or another agent, then the purchasers are still the customers of the broker, and he is the procuring cause of the sale." *Housatonic Valley Ins. Agency, Inc.* v. *Klipstein,* 125 Conn. 274, 5 A. 2d 16, is to the same effect.

The trial court relied principally upon *Rosenfield* v. *Wall,* supra. It is readily distinguishable. The plaintiff brought the property to the attention of the ultimate purchaser. The similarity between the two cases ends there. In the *Rosenfield* case the efforts of two brokers contributed to the sale. Only that one whose efforts were the predominating efficient cause of the sale was entitled to the commission. Furthermore, all the offers submitted by the purchaser through the broker were rejected by the owner, and the sale was later made upon different terms through another broker whom the purchaser had called to her assistance.

The subordinate facts found by the trial court in the present case require as matter of law a conclusion that the plaintiff was the procuring cause of the sale. The finding to the effect that the defendant was ignorant of the plaintiff's services does not relieve her of liability. Her ignorance was due to no fault of the broker. The parties met face to face when they entered into the brokerage agreement on February 1, and when the plaintiff brought the purchaser to her he might reasonably have assumed that she recognized him as the broker with whom she had made the agreement. Had she recognized him, his right to the commission could not have been questioned. The question, then, is: Did her failure to realize that the purchaser was the man brought to her by the plaintiff destroy his right to recover a commission? "According to the weight of authority, the rule seems to be that, if a broker is in fact the procuring cause of

the purchase of his principal's property and would otherwise be entitled to a commission, he will not, as a general rule, be deprived thereof by the fact that the owner at the time of the sale did not know of his instrumentality in procuring the purchaser, even though his agency was not exclusive." *Jordan* v. *Hilbert,* 131 Me. 56, 59, 158 A. 853; note, 142 A. L. R. 275. We find nothing in the subordinate facts of the present case which requires a modification of the general rule. The property was sold for the same price which the defendant gave to the plaintiff; and the fact that the defendant failed to recognize the plaintiff when he brought the purchaser to her in no way caused her to do or fail to do anything to her prejudice.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the plaintiff for $750 plus interest from March 21, 1946.

In this opinion the other judges concurred.