**WM. P. ZINN & CO., a corporation, 37 North Third Street, Columbus, Ohio, Plaintiff,**

**v.**

**SHAWNEE POTTERY COMPANY, a corporation, Zanesville, Ohio, Defendant.**

**Civ. No. 3711.**

United States District Court
S. D. Ohio E. D.
Sept. 21, 1955.

Smith, Earhart & Robertson, Columbus, Ohio, for plaintiff.

Graham, Graham, Hollingsworth, Gottlieb & Johnston, Zanesville, Ohio, for defendant.

CECIL, District Judge.

The plaintiff, William P. Zinn & Co., a corporation, filed its complaint herein to recover from the defendant, Shawnee Pottery Company, a Delaware corporation, a sum of money alleged to be due as commission upon a transaction whereby the plaintiff brought together the General Electric Company as lessee and the defendant, as lessor. The case was tried and submitted to the Court upon documentary evidence and briefs of counsel.

The facts are as follows: On October 29, 1946, the parties hereto entered into an agreement (plaintiff's exhibit 7) for the payment of commission by the defendant to the plaintiff on a yearly installment basis throughout the term of a lease which had been entered into between the General Electric Company and the defendant as a result of the services of the plaintiff.

The lease referred to therein (plaintiff's exhibit 8) provided for a term of six years with two optional renewals of two years each. The rent was stipulated to be $48,900 per year and the lessee was to pay to the lessor the sum of $13,482 for heat. These figures were subject to certain adjustments, up or down, based on the average cost of labor as to the rent during any extension, and the cost of coal and firemen's wages as to the heat.

On the 23rd day of September, 1947, the defendant leased (plaintiff's exhibit 9) additional space to its tenant, the General Electric Co. This lease for additional space provided for a rental of $15,594 and for a sum of $4,366.32 to be paid for heating services. There were similar terms in this lease as in the first one, for the adjustment of the figures for rent and heat. The tenant was to have the privilege of five extensions or renewals, three of them for one year each and two for two years each. These renewals were subject to a renewal of the original lease.

On May 10, 1948, the defendant and its lessee, the General Electric Co., entered into an agreement (plaintiff's exhibit 11), whereby the two leases heretofore mentioned were cancelled. Simultaneously with the cancelling of the two prior leases and on May 10, 1948, the defendant and its lessee, the General Electric Company, entered into another lease (plaintiff's exhibit 10). This lease was for a yearly rent which equaled the sum of the yearly rent specified in the two preceding leases. There was also a provision for paying for heat, which was to be figured by a certain formula with a minimum of $15,000 per year. There was a provision in this lease for the adjustment of the rent, up or down, based on the average wage of certain classes of labor.

In this statement of facts, the Court has quoted only general and salient features of the instruments to which reference has been made. All of the documents were admitted by stipulation of counsel as being true and genuine and the facts are as set forth within their four corners.

The defendant paid to the plaintiff, the commission due on the first lease in accordance with the terms of the agreement and throughout the six year term of the first lease. The plaintiff seeks commission on the new lease for the term in excess of the six years for which it has already been paid. At the time of the trial, counsel for plaintiff disclaimed any right to recover for the premises included in the 1947 lease. He also disclaimed on behalf of the plaintiff, any commission on the charge made for heating in excess of the $13,482 specified in the 1946 lease.

There is nothing in the record before the Court to show specifically that the plaintiff was not consulted and did not consent to the transactions whereby the 1946 and 1947 leases were cancelled and the new 1948 lease executed. The Court assumes from the evidence before it that the plaintiff was not consulted and did not consent to the changes.

It is the contention of the defendant that the options provided for in the 1946 lease were never exercised and that the 1948 lease, by reason of changes between it and the 1946 lease, could not be considered a renewal of the first lease.

The issues involve an interpretation of the agreement (plaintiff's exhibit 7) between the parties. This agreement is a valid one supported by adequate consideration. It has been so accepted by the parties. It is recited therein that the plaintiff performed services for the defendant in securing a lessee for the described premises "for a term of six (6) years from October 1, 1946, with two renewal periods of two (2) years each;" It is further recited that the plaintiff is to receive a commission "at five percent of the rental payments under said lease during the first two years of the term thereof and two percent of the rental payments made thereafter, including any renewals;"

■ The question is presented as to whether or not the new 1948 lease is a renewal within the language of the agreement (plaintiff's exhibit 7) between the parties "including any renewals;" The Court is of the opinion that it is such a renewal.

In the cancellation agreement (plaintiff's exhibit 11) it is stated "Whereas, as of the date of this agreement and simultaneously with the execution

thereof, a new lease was entered into between said parties, leasing the identical properties that were leased under the aforesaid leases, but for a different term and other minor changes;" The Court concludes as a matter of fact that the new lease was for the identical properties and that the changes were minor ones.

Counsel for defendant state in the conclusion of their brief "It is not contended that if the contract of 1948 was identical or even similar to the 1946 agreement so as to constitute a 'renewal' that a commission would not be owing to plaintiff." They are identical in large measure and certainly similar in every other respect. To contend that the 1948 lease was not a renewal of the one executed in 1946 is but to quibble upon words. To argue that it is not a renewal because the specific options of the first were not exercised is to make a technical distinction that the law does not recognize and that a layman could not understand. The Court will look through the form and see the substance. There just isn't much to be said in behalf of the defendant's position. In the mind of the Court, the 1948 lease is clearly a renewal.

Almost the identical question was before the Court in the case of Consolidated Realty Co. v. Graves, 291 Ky. 456, 165 S.W.2d 26, 30. In the concluding paragraphs of this decision, the Court said: "To hold otherwise would lay open the way for real estate owners to deprive the brokers or agents of their commission by simply entering into a new contract with the buyer or lessee cancelling the contract resulting from the services or efforts of the agent, and entering into a contract of sale or lease for a different price or consideration."

The above case is the only one that has been cited or that the Court has found to be exactly in point. Other cases shed light upon the subject through principles enunciated.

In the case of Peebles v. Prudential Insurance Co. of America, 6 Cir., 110 F.2d 76, 79, it is stated: "It is generally held that a selling agent is entitled to compensation if his agency is the procuring cause of the sale and when his communications with the purchaser have been the means of bringing the purchaser and his principal together, his right to compensation is perfect and if his principal assumes exclusive charge of the negotiations, dispensing with the further efforts of the agent, and varies the terms originally proposed, the fact that the same is made upon the substituted terms will not defeat the agent's compensation."

See also Corvington v. Heppert, 156 Ohio St. 411, 103 N.E.2d 558. In Suter v. The Farmers' Fertilizer Co., 100 Ohio St. 403, at page 411, 126 N.E. 304, at page 306, it is stated, "The rule is familiar, based upon unquestioned authority and sound reason, that where the obligations of a contract have attached, and one party, without the consent of the other, does some act or makes some new arrangement which prevents the carrying out of the contract according to its terms, he cannot avail himself of this conduct to avoid his liability to the other party to the contract."

In somewhat similar vein is the case of The Bruner-Goodhue-Cooke-Cranz Agency Co. v. Smith, 25 Ohio App. 21, 157 N.E. 407.

The final question is what amount of money is the plaintiff entitled to recover. The plaintiff in its brief, asks for two percent upon the rent stipulated in the '46 lease, to-wit, $48,900 and two percent upon the stipulated heating charge of that lease, being the sum of $13,482. The plaintiff seeks this amount upon the full term of the 1948 lease beyond the 1952 period for which it has been paid. This 1948 lease absorbs the two two-year renewals of the first lease and extends a year and eight months beyond.

The Court is of the opinion that the plaintiff is entitled to its commission upon the renewal and since the defendant saw fit within the term of

the original lease to make a renewal extending beyond the options provided for in the original lease, it is liable for the commission for the full extent of the renewal. The commission should be figured on the exact amount or rent and cost of heat paid by the lessee, and if the parties cannot agree upon this amount, further testimony may be taken in order that it may be established accurately.

The Court considers that the findings herein are sufficiently adequate to dispense with a special Findings of Fact and Conclusions of Law, as permitted by Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A.

An order for judgment may be submitted to the Court when the exact amount for the plaintiff's recovery is determined.