This action was brought by the plaintiff, a real estate broker, to recover a commission of $6350 from the defendant. Pursuant to an open *Page 699 
listing agreement between the plaintiff and the defendant, the plaintiff had procured the state of Connecticut as lessee for property owned by the defendant at 1140 Harvester Road, Waterbury. The lease was for an initial term of five years with a provision for five one-year renewal options. The commission for the original five-year term has been paid. The plaintiff claims that the state exercised two of the one-year options, thus entitling him to a further commission. There is no dispute that had the options been exercised, the plaintiff would be entitled to a commission in the amount claimed. The defendant, however, contends that the options were not exercised. The trial court rendered judgment for the defendant, and the plaintiff has appealed. He claims error in the court's conclusions that (1) the options were not exercised; (2) the defendant did not waive the terms of the renewal provisions of the lease; (3) the state's failure to follow the terms of the renewal provisions of the lease barred the plaintiff's recovery; (4) a modification of the terms of the lease barred the plaintiff's recovery; and (5) the actions of the defendant and the state in continuing their landlord-tenant relationship beyond the original term did not entitle the plaintiff to a further commission.
On July 24, 1972, the state and the defendant entered into a written lease, with the approval of the commissioner of public works and the attorney general, for a five-year term beginning August 1, 1972, and ending July 31, 1977. The lease contained a clause providing for five consecutive one-year options, with the requirement that notice be given of the intention to exercise each option ninety days prior to the termination of the existing lease. Under the terms of the lease, the state was to pay $99,341.81 per year for the initial five years, and thereafter the rent for each option year was to be $58,275. The open listing agreement with the defendant had provided that the *Page 700 
plaintiff was to receive a 5 percent commission after the execution of the lease. The parties confirmed in a written agreement of August 1, 1972, that the defendant was to pay the plaintiff a commission of $11,880 for the initial lease term and $3175 for each annual option exercised.
At the trial, Raymond Johns, a leasing supervisor for the state public works department, testified that prior to the expiration of the lease, in March or April, 1977, to the best of his recollection, he had some discussions with the defendant concerning the extension of the lease. He also testified to the long procedure involved in getting the necessary approvals to exercise the options. In a letter from the public works department to the defendant, dated September 12, 1977, shortly after the original lease term had expired, the state informed the defendant that "we hereby exercise two of the five consecutive 1-year options that we have." This letter contained a further provision that should the lease be extended for a third year, the lease would be amended to include an increased rental amount. There was undisputed testimony that the state also waived the defendant's obligation to paint the premises, which was contained in the original lease. The trial court concluded "that since the state of Connecticut failed to exercise its option in accordance with the terms of the lease, the plaintiff may not recover from the defendant any commission."
The issue which this court must resolve is whether the failure of the state to give written notice as required by the lease for the exercise of the options, and the modification that was made in the terms of the original lease, require the conclusion, as a matter of law, that the real estate broker is not entitled to a commission for the two one-year options. It is a basic tenet of real estate law that a broker is entitled to his commission if he has procured a customer ready, *Page 701 
willing and able to buy on terms prescribed or agreed upon by the seller. Richter v. Drenckhahn,147 Conn. 496, 500, 163 A.2d 109 (1960); Ranney v. Rock, 135 Conn. 479, 482, 66 A.2d 111 (1949). If the broker has been the procuring cause of the sale, the fact that the negotiations are carried on directly with the owner, rather than through the intervention of the broker, will not prevent the broker from being entitled to his commission. Ranney v. Rock, supra. These principles are equally applicable to a lease of real property as to a sale. Wm. P. Zinn Co. v. Shawnee Pottery Co., 148 F. Sup. 322, 325 (S.D. Ohio 1955); Consolidated Realty Co. v. Graves, 291 Ky. 456,461, 165 S.W.2d 26 (1942); Rosenblum v. Lurie,128 Pa. Super. 480, 194 A. 204 (1937).
Although a notice provision in an option to renew is a condition precedent to renewing the option, it is for the benefit of the lessors and can be waived orally or by conduct. Adam v. Consolini,135 Conn. 321, 324, 64 A.2d 44 (1949). Thus, a real estate broker may be entitled to his commission, even where an option was not exercised under the precise terms of the basic lease and the broker did not participate in the subsequent negotiations between the lessor and the lessee concerning a renewal of the lease, if the facts establish that he was the procuring cause of the lease and of its renewal.
A minor variation in the terms of the basic lease relating to the landlord-tenant relationship after the renewal need not result in a finding that there is a new lease if the facts otherwise tend to support the inference that the options have been exercised. This position has been supported by other jurisdictions that have considered this question. Louis Schlesinger Co. v. Kresge Foundation, 236 F. Sup. 373 (D. N.J. 1964); Wm. P. Zinn Co. v. Shawnee Pottery Co., supra; Consolidated Realty Co. v. Graves, supra; Zuzak v. Querbes, 193 So. 258 (La. 1939); Rosenblum *Page 702 
v. Lurie, supra. "[A]lthough it is quite possible that a strict renewal of the original lease has not occurred, the Court must be prepared to look through the form of the transaction to its substance." Louis Schlesinger Co. v. Kresge Foundation, supra, 380. "To argue that it is not a renewal because the specific options of the first [lease] were not exercised is to make a technical distinction that the law does not recognize." Wm. P. Zinn Co. v. Shawnee Pottery Co., supra, 325. Even where a lease purportedly has been canceled and a new one entered into, a real estate broker may be entitled to his commission where the court feels there has been a sham transaction. "To hold otherwise would lay open the way for real estate owners to deprive the brokers or agents of their commission by simply entering into a new contract with the buyer or lessee cancelling the contract resulting from the services or efforts of the agent, and entering into a contract of sale or lease for a different price or consideration." Consolidated Realty Co. v. Graves, supra, 463.
In the present case, the defendant had been informed that the state was considering renewal of the lease prior to the time that the original lease term had expired. Written notification that the options were being exercised was given on September 12, 1977. Since the lease had expired on July 31, 1977, this written notification was late under the provision of the original lease requiring written notification of the exercise of a renewal option ninety days prior to the expiration of the lease term. At no time, however, did the defendant object that this was not a proper way to exercise the option, or indicate that a new lease should be executed. This conduct constituted a waiver of the lease provision requiring ninety days' written notice to exercise the option. Had a new lease for a two-year term been intended by the parties, it would have been necessary for this document to comply with the statute of frauds. General Statutes *Page 703 52-550; Garber v. Goldstein, 92 Conn. 226, 229,102 A. 605 (1917). Since a new written lease was not executed, the agreement between the state public works department and the defendant would be valid only as an exercise of the options to renew the original lease under the modified terms. The similarity of terms also points to an exercise of the options. The waiver of the defendant's obligation to paint is insufficient, in light of the other factors discussed, to sustain the conclusion that there was a new lease.
 There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff.
In this opinion SHEA and DALY, Js., concurred.