249 N.J. Super. 436 (1991)
592 A.2d 622
LOUIS ROSS ASSOCIATES, INC., PLAINTIFF-APPELLANT,
v.
INTERSTATE HOLDING CORP., A NEW JERSEY CORPORATION, THE KORMAN CORP. AND NESHAMINY INTERPLEX BUSINESS CENTER, J/S/A, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 7, 1991.
Decided July 10, 1991.
*437 Before Judges PRESSLER, DEIGHAN and ARNOLD M. STEIN.
Ann C. Pearl, attorney for appellant.
Alvin R. Schomer, attorney for respondents.
The opinion of the Court was delivered by ARNOLD M. STEIN, J.A.D.
*438 The question presented by this appeal is whether a real estate broker is entitled to a commission for the extended term of a lease where the terms of the extension are different from the terms of the option to extend provided in the lease. We conclude that the commission is earned by the broker under such circumstances. We reverse the order granting summary judgment in favor of defendant landlord.
On July 13, 1979 defendant entered into a lease with Duo-Fast Corporation for a term of seven years, to commence August 1, 1979. The lease provided the tenant with "the option to extend the term of [the] lease for one (1) five (5) year period beyond the expiration date of the initial term...." An increase for the extended term was to be determined based upon the Consumer Price Index at the time of the extension.
Plaintiff real estate broker procured Duo-Fast as a tenant for defendant's property. Defendant agreed to pay "a six percent (6%) commission of the net rental collected by [defendant from the tenant] during the term of the Lease and any renewal provided in the Lease." Plaintiff received its commission for the initial seven year term.
Prior to the expiration of the initial term, Duo-Fast requested a one-year extension to the lease. Defendant agreed to the extension and a rent increase was calculated pursuant to the formula provided in the lease agreement. All other terms of the initial lease remained in effect. Before the one-year extension expired, Duo-Fast and defendant agreed to renew the lease for a five-year term. The terms of the lease agreement remained unchanged except that the rental increase for the additional five years was based on the market value of the premises rather than the Consumer Price Index. Defendant refused to pay plaintiff a commission on either the one-year extension or the subsequent five-year extension.
The broker is entitled to a commission upon procuring a customer willing and able to enter into a contract to purchase *439 or lease the property on terms agreeable to the landowner. Ellsworth Dobbs, Inc. v. Johnson, 50 N.J. 528, 543, 236 A.2d 843 (1967). This is so even when the final negotiations are conducted by the seller and the seller accepts terms different from the terms expressed in the listing agreement. Joseph Hilton & Associates, Inc. v. Evans, 201 N.J. Super. 156, 168-69, 492 A.2d 1062 (App.Div. 1985).
We find no reported case in New Jersey which deals specifically with a broker's entitlement to a commission on an option not exercised in accordance with the lease. Our former Supreme Court held that where a tenant did not exercise his option to renew the lease but remained on the premises as a holdover tenant, the broker was entitled to a commission for the additional time the tenant remained. Mau v. Vulcan Bank & Loan Assn., 11 N.J. Misc. 352, 354, 165 A. 888, 889 (Sup.Ct. 1933).
Other jurisdictions have addressed this issue. Brokers have received commissions in instances where options were not exercised under the precise terms of the lease agreement. Wm. P. Zinn & Co. v. Shawnee Pottery Company, 148 F. Supp. 322, 324-25 (D.C.Ohio 1955), aff'd, 240 F.2d 958 (6th Cir.1956) (initial lease cancelled prior to renewal and new lease entered into with the same tenant); Gattuso v. Mothe Life Ins. Co., 576 So.2d 1217, 1219 (La. Ct. App. 1991), writ denied, 580 So.2d 381 (La. 1991) (new lease entered into after tenant failed to exercise its option timely and initial lease expired); Zaniewski v. Mancinone, 37 Conn.Sup. 698, 700, 435 A.2d 50, 52 (Conn. App. 1981) (tenant only exercised two of five one-year options).
The reasoning behind this result was expressed in Consolidated Realty Co. v. Graves, 291 Ky. 456, 165 S.W.2d 26 (1942):
To hold otherwise would lay open the way for real estate owners to deprive brokers or agents of their commission simply by entering into a new contract with the buyer or lessee cancelling the contract resulting from the services or efforts of the agent, and entering into a contract of sale or lease for a different price or commission. [291 Ky. at 463, 165 S.W.2d at 30].
*440 Plaintiff is entitled to a commission for the extensions to the initial lease.
The extensions to the initial lease totaled six years, one year longer than the option provided in the lease. Where the landlord extends the renewal beyond the option provided in the original lease, he is liable for the full extent of the renewal. Wm. P. Zinn & Co. v. Shawnee Pottery Company, supra, 148 F. Supp. at 327. Plaintiff is also entitled to its commission based upon the actual rent paid by the tenant. See Wm. P. Zinn & Co. v. Shawnee Pottery Company, supra, 148 F. Supp. at 326; see also Joseph Hilton & Associates, Inc. v. Evans, supra, 201 N.J. Super. at 168, 492 A.2d 1062.
Reversed and remanded for entry of summary judgment in favor of plaintiff, including damages calculated pursuant to this opinion.