DAVID S. SEGALL *vs.* ANGELO GAGLIARDI.

First Judicial District, Hartford, October Term, 1925.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and JENNINGS, Js.

Even though a lease provides that it shall terminate upon the failure of the tenant to observe his covenants, a breach by the tenant does not make the lease void but merely voidable at the option of the landlord.

Segall *v.* Gagliardi.

A landlord may waive his privilege of terminating a lease, either expressly or by implication from act or conduct, if done with knowledge of the tenant's breaches.

After the tenant, in the instant case, had been twice found guilty of keeping upon the leased premises a place where intoxicating liquors were, and were reputed to be, unlawfully kept for sale, the landlord, with full knowledge, continued to accept the monthly instalments of rent until the institution of the present action of summary process in which he claimed that the convictions alone, without evidence of subsequent unlawful use, constituted continuing violations of the tenant's covenants to comply with all the laws of this State and to use the premises only as a shoe and hat cleaning store, and justified a termination of the lease at any time. *Held* that assuming, as the landlord contended, that the tenant's unlawful use of the premises was a breach of his covenants, there was no merit to his further contention that the breach was continuing in character; and that, having accepted rent after acquiring knowledge of the convictions, the landlord had waived such privilege as he may have had to declare a forfeiture of the lease.

Whether the acceptance of rent by a landlord after the commencement of a continuing breach, constitutes a waiver, *quære.*

Argued October 7th—decided November 10th, 1925.

WRIT OF ERROR to reverse a judgment of the City Court of New Britain (*Alling, J.*) rendered in favor of the defendant in an action of summary process. *No error.*

Donald Gaffney, with whom was *Cyril Gaffney,* and, on the brief, *Bernard F. Gaffney,* for the plaintiff in error.

*Edward A. Mag,* for the defendant in error.

JENNINGS, J. On November 9th, 1922, Segall and Gagliardi executed a written lease of a portion of the store at No. 319 Main Street, New Britain, Connecticut, the store being a portion of the premises owned by Segall, for the term of five years from December 1st, 1922. The lease contained the following provisions:

"Said premises are to be used as a shoe shine parlor, shoe repairing and hat cleaning. . . . Provided, however, and it is further agreed that if the said . . . party of the second part shall . . . use the same for any purpose but that hereinafter authorized, . . . then this lease shall thereupon, by virtue of this express stipulation therein, expire and terminate," with the usual provision for reëntry, etc. "And it is further agreed between the parties hereto, that the lessee is to comply with, and conform to, all the laws of the State of Connecticut."

On December 1st, 1922, Gagliardi entered into possession of these premises under the lease and has continued in such possession up to the present time. He made all payments required under his lease at the times specified therein, up to the time of the bringing of this action.

On October 22d, 1923, Gagliardi was convicted in the Police Court of New Britain of a violation of Chapter 291 of the Public Acts of 1921, "in that he did keep a place known and described as a certain shoe shine shop situated at No. 315 Main Street [the leased premises] in which there then was, long before had been and still is reputed that spirituous and intoxicating liquors were and are kept for sale and that he did own and keep with intent to sell certain spirituous and intoxicating liquors."

On December 2d, 1924, Gagliardi was for a second time convicted of the same offenses at the same place.

Segall received actual notice of Gagliardi's conviction at the time thereof, yet accepted the monthly rental without protest from November 1st, 1923, to and including April, 1925.

These acts for which Gagliardi was convicted constituted the only basis for this action of summary process brought May 2d, 1925. The parties went to

trial and the above state of facts was proved. As these facts were all the facts material to the case claimed in the original and amended complaint, Segall cannot now complain of the rulings on demurrer.

Upon the trial Segall, as stated in his bill of exceptions, claimed "that the foregoing facts constituted a continuing breach of two provisions of the lease; one, that said lease should not be used for any purpose but that therein authorized; the other, that the lessee had failed to conform to all the laws of the State of Connecticut in that he was conducting a nuisance upon said premises." These claims are elaborated in the appeal, but they contain all the essential elements of Segall's claim.

The basic vice of these claims lies in their assumption that the breaches were continuing. The bill of exceptions states "that no evidence was offered to show that the reputation which said premises had on October 22d, 1923, and December 2d, 1924, continued beyond December 2d, 1924, or that liquor was kept for sale upon said premises subsequent to December 2d, 1924; that there was no evidence that any breach of said lease or any of the covenants thereof occurred subsequent to December 2d, 1924; that there was no evidence of any violation by the defendant of Chapter 291 of the Public Acts of 1921 from the date of the first conviction, October 23d, 1923, until shortly before December 2d, 1924."

From these facts the plaintiff in error would have us hold, as matter of law, that the condition existing on December 2d, 1924, continued to the date of suit, and cites to this point *United States* v. *Stevens,* 103 Conn. 7, 130 Atl. 249.

This was a case brought under the so-called "padlock section" of the Federal Enforcement Act. As stated on page 18, "the sole ground of appeal concerns

the court's interpretation of its discretionary power under § 22, and of its exercise of discretion in the judgment rendered. The trial court has failed to note the limitations which § 22 placed upon the exercise of its discretion. Congress had the right to declare a violation of this Act to be a nuisance and it had the right to provide that, upon finding the violation proven, the court shall order that no intoxicating liquor shall be manufactured, sold, bartered, or stored in such room, house, etc. When the trial court found the fact of the violation it was required to issue the order of abatement provided for by this section." The order of the court followed, under the terms of the statute, the proof of the violation of the Act which was declared to be a nuisance. Whether or not the nuisance continued was not the basis of the order. The case cited is in no sense an authority for the claim made, that as matter of law the two breaches claimed were continuing. The claimed breaches are not, upon the facts stated in the bill of exceptions, continuing breaches. No act of the tenant occurred subsequent to the last breach.

The lease states that if the premises are used for other than the authorized purposes, or the lessee has failed to conform to all the laws of the State of Connecticut, "then this lease shall thereupon, by virtue of this express stipulation therein, expire and terminate." Assuming, without deciding, that the acts for which the defendant in error was convicted were breaches of these provisions of the lease, the only remaining question narrows itself to this: Did such breaches make the lease *ipso facto* void, as claimed by the plaintiff in error, so that it could not be waived, and so that the landlord could take advantage of it at any future time he chose?

If the acts of the tenant constituted breaches of these covenants, they did not make the lease void, but merely voidable at the option of the landlord. He could waive the breaches either expressly, or by act or conduct done with knowledge of the breaches. *Camp* v. *Scott,* 47 Conn. 366; *Bowman* v. *Foot,* 29 Conn. 331. While all of our decided cases have arisen over the breach of the covenant to pay rent, the rule of waiver applies equally to every form of covenant in the lease. The acceptance of rent after a breach of a covenant based upon the unlawful sale of liquor or of opium, with knowledge of the breach, was held to constitute a waiver of the breach. *Small* v. *Clark,* 97 Me. 304, 54 Atl. 758; *Kenny* v. *Sen Si Lun,* 101 Minn. 253, 112 N.W. 220; 35 Corpus Juris, 1078 *et seq.*

The trial judge was right in holding that the forfeiture, in case these covenants had been breached, was waived by the acceptance of rent by the landlord with knowledge. Counsel for the landlord does not seriously contest this settled legal proposition, but attempts to avoid it by claiming that the breaches in this case were continuing, which, as we have already stated, the facts deny. It follows that the principle invoked, that if the breach continues after the acceptance of rent the landlord will not be precluded from insisting upon his forfeiture, has no application, and we are not required to either consider or determine it.

There is no error.

In this opinion the other judges concurred.