In this summary process action judgment was entered awarding possession of the *Page 581 
premises to the plaintiff owner. In appealing from this judgment the defendant tenants, having made no attempt to correct the subordinate facts contained in the finding in accordance with Practice Book 567G, have assigned as "error apparent on the face of the record" the finding of the trial court "that the month-to-month tenancy was terminated by the lack of agreement as to the December, 1975 rent and the plaintiff's refusal to accept rent after November, 1975 and service of a statutory notice to quit on December 22, 1975."
It was admitted in the pleadings that the defendants had occupied certain premises owned by the plaintiff under a written lease which expired on June 30, 1975. The trial court found that on June 16, 1975, the plaintiff wrote a letter to the defendants summarizing an agreement which had been reached between them on the telephone. The letter stated that the defendants would continue to occupy the premises on a month-to-month basis at a rental of $850 per month, but that each party would give the other ninety days' notice of termination or intention to vacate. The letter also provided that the plaintiff was making this arrangement "on the assumption" that the tenants would then pay certain delinquent charges, as well as advance payments, to the yacht club affiliated with the plaintiff corporation. The trial court found that those payments were never made in full. On October 28, 1975, the plaintiff sent another letter to the defendants demanding a rent of $950 per month to allow the defendants to remain in possession until June, 1976. That demand was rejected by the defendants in a letter dated November 16, 1975. The rent for the month of November, 1975, was paid in the sum of $850 and was accepted by the plaintiff. On December 22, 1975, the plaintiff caused a statutory notice to quit possession to be served on the defendants. *Page 582 
The trial court concluded that the tenancy was terminated by the lack of agreement as to the December, 1975 rent, the plaintiff's refusal to accept rent after November, 1975, and the service of the notice to quit.
The essential claim of the defendants is that the plaintiff failed to give them the ninety days' notice of termination as agreed in the June 16, 1975 letter, when the rent was established at $850 per month. The plaintiff claims that that agreement ceased to be effective because of the failure of the defendants to comply with the condition requiring them to make certain payments to the yacht club. The trial court found that that payment provision was, in effect, a condition precedent to the agreement. "A condition precedent is one which must be performed before the agreement of the parties becomes a valid and binding contract . . . . Whether a condition is precedent, depends upon the intent of the parties, and this is to be gathered from the context, read under the rules governing the interpretation and construction of writings." McIsaac v. Hale,104 Conn. 374, 379. Since the finding of the trial court that the agreement was made on the assumption that the defendants would make the yacht club payments has not been challenged, the conclusion that that provision of the letter was a condition precedent to the agreement must stand.
The additional claim of the defendants that acceptance of the rental payments in the amount of $850 for the months of July to November must be deemed to have constituted a waiver of the yacht club payment provision as a condition precedent is also unsound. "Waiver is the intentional relinquishment of a known right." Jenkins v. Indemnity Ins. Co.,152 Conn. 249, 257. It is essentially a factual question and nothing in the unchallenged finding *Page 583 
of subordinate facts would compel a conclusion of waiver in this case. See Stern Co. v. International Harvester Co., 148 Conn. 527, 534. The defendants rely upon the principle that the acceptance of rent by a landlord who has knowledge of the breach of a covenant of a lease has commonly been held to constitute a waiver of that breach. Xanthakey v. Hayes, 107 Conn. 459, 468; Segall v. Gagliardi, 103 Conn. 497, 502. Where the obligation of the tenant is a continuing one, however, the acceptance of rent does not imply a waiver of future breaches of the covenant by the tenant. See Segall v. Gagliardi, supra, 502; 49 Am.Jur.2d, Landlord and Tenant, 1070. Even if we were dealing here with a covenant rather than a condition, it could hardly be contended that the plaintiff entirely waived payment of the charges due the yacht club. The defendants in their letter of November 17, 1975, claim to have paid these charges, except for a balance being withheld in relation to a dispute over some property of the defendants claimed to have been misappropriated by the yacht club. Although the facts found by the trial court indicate that the delay in payment of the charges may have been waived by the acceptance of the rent through November, they would not warrant a conclusion that any further delay in making those payments was waived.
It must also be noted that waiver was not pleaded as a special defense as required. Crawford Clothes, Inc. v. 65 Bank Street Realty Co.,129 Conn. 682, 686; Goldner v. Polak, 108 Conn. 534,537. In fact the answer of the defendants admitted the allegation of the complaint that after termination of the prior written lease the parties had entered into a month-to-month tenancy.
 There is no error.
In this opinion PARSKEY and SPONZO, Js., concurred.