This is an appeal by the plaintiff Nowesco, Inc. from an adverse decision in a summary process action.
The plaintiff raises three issues in this appeal. First, the court erred in concluding that the option to relet the premises contained in the original lease is an agreement to extend rather than a covenant to renew the lease. Second, the court erred in concluding that Nowesco could not recover possession of the premises by virtue of the defendant Community Petroleum's repeated failure to pay its rent on time because the pattern of late payments had not been protested. Third, the court erred in concluding that Nowesco was not entitled to recover the premises by virtue of Community Petroleum's misuse and unauthorized use thereof.
Since this court's decision on the first issue is dispositive of this appeal only the relevant facts related thereto will be mentioned. They are as follows: Nowesco, Inc. and the defendant Community Petroleum Products, Inc. entered into a written lease dated January 7, 1970. The initial term of the lease ran from December 1, 1969, until December 1, 1979. A provision in the lease provided the following: "The said *Page 587 
Lessor hereby gives and grants to the said Lessee an option to re-lease the aforesaid premises for an additional ten (10) year period with all the provisions of said lease to be the same except that, in the event said option is exercised, the Lessee shall pay additional monthly rental equal to one-twelfth (1/12) of any increase of Salisbury town taxes applicable to the leased premises above those on the list of October 1, 1969, and any increase in the actual cost of insuring the premises up to the limit of 80% of the actual cash value." (Emphasis added.)
Community Petroleum did nothing to exercise the option other than to hold over after the expiration of the original term. The trial court concluded that the provision in question was an "agreement for an extension" of the lease and as such the hold over by Community Petroleum extended the lease for an additional ten year period.
Parties to a lease may agree to provide for a tenancy beyond the initial term of the lease in one of two ways; either by a covenant to renew, which contemplates another lease for a distinct term, or by an agreement to extend the lease, which continues the existing lease and merely enlarges the term thereunder. City Coal Co. v. Marcus, 95 Conn. 454, 459, 111 A. 857 (1920). Whereas a covenant to renew must be exercised affirmatively prior to the expiration of the original lease, an agreement for an extension may be effected, in some cases, by a holding over. Id., 460.
The question of whether a lease grants a covenant to renew or an agreement to extend is a question of intent. "The question as to which exists may be controlled by the intention of the parties as manifested by the entire lease, or by their practical construction of their contract . . . ." Johnson v. Mary Oliver Candy Shops, Inc., 116 Conn. 86,89, 163 A. 606 (1933). If the language of the lease is clear and definite, however, the intention of the parties must be gathered from the *Page 588 
instrument itself. Collins v. Sears, Roebuck 
Co., 164 Conn. 369, 373, 321 A.2d 444 (1973). "When the plain meaning and intent of the language is clear, a clause in a written lease cannot be enlarged by construction. There is no room for construction where the terms of a writing are plain and unambiguous, and it is to be given effect according to its language." Id., 373-74.
As previously noted, the clause in question provides that the "[l]essee [has] an option to re-lease" the premises provided it exercises said option. The clear import of the language of the clause is that a new lease be entered into after the tenant exercises the option. Since the option clause requires that the lessee affirmatively act to renew the lease, it cannot be construed to be an agreement to extend the lease. Instead, since the clause clearly contemplates a further lease to be entered into by the parties, it is a covenant to renew. City Coal Co. v. Marcus, supra.
Community Petroleum asserts that when the entire lease is examined, other language therein gives rise to the conclusion that the clause in question is an agreement for an extension, or, it argues, that the other provisions of the lease coupled with the clause in question creates an ambiguity which by law should be resolved in favor of the lessee.
Concerning this argument, the defendant Community Petroleum makes reference to the word "extension" in two separate clauses of the lease; the first dealing with an option to purchase; the second dealing with the lessor providing comparable facilities to the lessee in the event the lessor desires to recover occupancy of the demised premises.[1] *Page 589 
Additionally, the defendant makes reference to the words "this lease" in the right of first refusal clause.[2] The defendant argues that since this clause is only operative during the additional term, the phrase "this lease" indicates that the parties did not intend that a further lease be entered into to cover the additional ten year period.
As to the use of the word "extension" and the words "this lease" these words in no way affect the operation of the option clause. They do not diminish the language of the clause which mandates that the option be exercised, nor do they modify the intent of the language of the clause which requires a new lease.
Therefore, since the words used in other provisions of the lease do not affect the operation of the clause in question and since they do not create an ambiguity as to the clear and precise language contained therein, they cannot be said to be an aid in the construction of the option clause or to affect the meaning of that clause.
Thus, we hold that the clause in question is a covenant to renew and the option had to be exercised within the term of the original lease. This was not done. Accordingly, the lease had terminated by operation of time. Therefore, the plaintiff is entitled to judgment.
 There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff.
In this opinion DALY and COVELLO, Js., concurred.