ZUCKERMAN GROUP *v.* WILLIAM M. RAVEIS, JR.
(2542)

DUPONT, C.P.J., BORDEN and NOREN, Js.

Argued April 18—decision released July 30, 1985

*Stanton H. Lesser,* with whom, on the brief, was *Robert K. Lesser,* for the appellant (defendant).

*John R. Bryk,* for the appellee (plaintiff).

NOREN, J. This is an appeal by a tenant under a commercial lease from a judgment rendered by the trial court for the plaintiff landlord. The court found that the parties exercised an option and entered into an extension of the written lease and that the tenant thereafter breached the terms of the contract by failing to pay rent as it became due, and it awarded damages to the plaintiff. The defendant tenant appeals, claiming that no lease ever existed because the signatory to it was not, in fact, the owner of the premises, that he is not estopped from asserting the invalidity of the lease, that if a lease existed, the option to extend was not exercised and, if exercised, was not valid, and finally, that the landlord did not use reasonable efforts to mitigate damages.

The facts, essentially, are not in dispute. In October of 1981, the defendant entered into a written lease for the rental of premises at 56 Post Road West in Westport for the period of one year commencing November 15, 1981. The lessor was described as Robert Zuckerman, administrator of the estate of Herman A. Zuckerman. The lease provided for an option to extend the term to be exercised sixty days before its termination or by September 15, 1982. This option gave the landlord the absolute discretion to reject the tenant's exercise of the option to extend if the landlord itself intended to use or to alter, improve or sell the premises.[1]

---

[1] The "RIDER TO LEASE BETWEEN ESTATE OF HERMAN A. ZUCKERMAN, LANDLORD, AND WILLIAM M. RAVEIS, TENANT" provided, in part, as follows: "38. Tenant may extend the term hereof for one year at an annual rent of $26,400 upon the giving of written notice to Landlord on or before September 15, 1982, provided, however, that Landlord, in Landlord's absolute discretion, may reject any such extension if Landlord shall intend to use the demised premises for Landlord's own use or to alter, improve or sell the demised premises by the giving of written notice to Tenant on or before October 1, 1982. If Landlord shall reject an extension of the lease by Tenant, or if Tenant shall fail to give the notice

The time for a request from the defendant for extension of the written lease having passed, Robert Zuckerman wrote to the defendant asking whether an extension was sought. The defendant wrote back that he was "in a position to renew the lease" and requested that Zuckerman contact the defendant's attorney. Conversations occurred and correspondence ensued among Zuckerman, the defendant and the defendant's attorney. In a letter to the defendant dated October 27, 1982, sent in care of the defendant's attorney, Zuckerman consented to an "extension of the . . . lease" until November 14, 1983, and the defendant thereafter made payments in the amounts provided in the option until January 15, 1983, when the defendant left the premises, having given written notification on December 14, 1982, of his intention to do so.

At the conclusion of the trial, the defendant filed a request to amend his answer to add a fourth special defense, namely, that the lease was voidable for misstating the name of the lessor as the estate of Herman A. Zuckerman, which on the date of the lease did not have title to the property. Although the trial court discussed the merits of the proposed special defense in its memorandum of decision, it is quite clear that the request to amend was denied. The Supreme Court has clearly enunciated the policy of this state regarding amendments. It is within the discretion of the trial court to grant or deny an amendment, and a decision to deny an amendment during a trial will not be disturbed unless there is a clear abuse of that discretion. *Lawson* v. *Godfried,* 181 Conn. 214, 216–17, 435 A.2d 15 (1980).

No such abuse of discretion is clearly evident here where the amendment was offered after trial; *Wright* v. *Coe & Anderson, Inc.,* 156 Conn. 145, 155–57, 239

as hereinbefore provided, then Tenant shall vacate the demised premises in accordance with the terms of this lease and this Article 38 shall be null and void."

A.2d 493 (1968); and where it purported to conform the pleadings to the proof, but in reality, raised an issue neither previously pleaded nor litigated before the court. See *Wendland* v. *Ridgefield Construction Services, Inc.,* 190 Conn. 791, 797, 462 A.2d 1043 (1983). That being so, we do not consider the defendant's claims of error regarding the validity of the original lease and whether the defendant is estopped from questioning its validity.

The trial court was not in error in rejecting the defendant's third special defense, namely, that the option was a nullity as lacking in mutuality. What is involved here is not a right to cancel or terminate the lease "at will"; see *Stern & Co.* v. *International Harvester Co.,* 148 Conn. 527, 531, 172 A.2d 614 (1961); but, as the trial court found, a limited right in the landlord to reject an extension of the lease. The original lease here provided for an option to extend under certain conditions. See *Nowesco, Inc.* v. *Community Petroleum Products, Inc.,* 38 Conn. Sup. 585, 456 A.2d 340 (1982). Under these circumstances, the conditions under which the landlord could reject an extension were for its benefit and could, as a matter of law, be waived by it. *Adam* v. *Consolini,* 135 Conn. 321, 324, 64 A.2d 44 (1949); *Johnson* v. *Mary Oliver Candy Shops, Inc.,* 116 Conn. 86, 90, 163 A. 606 (1933). Such a waiver, however, does not demonstrate lack of mutuality.

The distinction made by the defendant between a renewal of a lease and the extension of a lease, and what is required to effect each; see *Johnson* v. *Mary Oliver Candy Shops, Inc.,* supra, 89; is here one without a difference. While it is clear that a mere holding over after the expiration of the term of a lease does not create a new lease; id., 90; General Statutes § 47a-3d; where the lease provides for an option for an extension or for a renewal, whether the option has been exercised is a question of fact for the trial court, which

is decided by looking to the intention of the parties as expressed in their words and deeds. See *Johnson* v. *Mary Oliver Candy Shops, Inc.*, supra. The court's finding that the option was exercised is not clearly erroneous and must stand.

The trial court heard testimony regarding whether the parties in fact extended the lease and whether the plaintiff mitigated its damages as required under our law, subjects of the first and second special defenses. Sufficient evidence was submitted from which the trial court could have found, as it did, those issues for the plaintiff. What we emphatically stated in *American Frozen Foods, Inc.* v. *International Brotherhood of Teamsters,* 3 Conn. App. 300, 301–302, 487 A.2d 570 (1985), we repeat here. This court cannot and therefore will not retry factual issues.

There is no error.

In this opinion the other judges concurred.