## FRANK PERROTTI, JR. *v.* GEORGE CHIODO ET AL.
### (7143)

DUPONT, C. J., FOTI and LAVERY, Js.

Argued October 31, 1989—decision released April 24, 1990

*Robert C. Leitze,* with whom, on the brief, was *Frederick M. Vollono,* for the appellant (plaintiff).

*Thomas E. Stevens,* for the appellees (defendants).

LAVERY, J. The plaintiff appeals in a summary process action from the judgment of the trial court denying him possession of the premises. The plaintiff claims that the trial court erred (1) in concluding that the defendants properly renewed their lease, and (2) in making several factual findings without any evidential basis in the record. We find no error.

The trial court found the following facts. In May, 1982, the defendants executed a lease and took possession of commercial premises on Whalley Avenue in New Haven, to operate an ice cream parlor. The lease

provided a termination date of December 31, 1986, and allowed the defendants to renew the lease for two successive five year periods. In order to renew the lease, the defendants were required to send the lessor written notice, by registered mail, of their intention to do so six months prior to the termination date.

The property was sold twice during the period of the first lease; the second purchaser was William LaRovera, who took title in early 1986. Each of these purchasers was assigned the rights under the existing leases. The trial court found that LaRovera was a relatively informal landlord, and that he had an office in the same building as the defendants' leased premises, a mere fifty feet from the defendants' shop. It was his custom to collect the rent in person, so that the defendants never were made aware of his business mailing address.

In late May, 1986, the defendant George Chiodo had a conversation with LaRovera in which LaRovera was advised of the defendants' desire to renew the lease. On June 2, 1986, approximately seven months before the expiration of their lease, the defendants executed their monthly rent check and wrote on the face of the check "per our conversation we will exercise our next five year option per our contract." The defendants hand delivered the check to LaRovera, who endorsed and cashed it.

The defendants continued their tenancy relation with LaRovera through the rest of 1986 and into the first three months of 1987. In April, 1987, LaRovera sold the property to the plaintiff and also executed an assignment of his interest and obligations in the property, including whatever leases were in force. Upon obtaining title, the plaintiff immediately sought to raise the defendants' rent, arguing that they had failed to renew the lease with LaRovera and were therefore

month-to-month tenants subject to a rental increase. This litigation ensued.

Whether an option in a lease to renew has been exercised is a question of fact for the trial court, which looks to the intent of the parties as expressed in their words and deeds. *Zuckerman Group* v. *Raveis,* 4 Conn. App. 568, 495 A.2d 300, cert. dismissed, 197 Conn. 811, 499 A.2d 62 (1985). This court will not disturb the trial court's factual findings provided the evidence supports those findings.

The trial court determined that the defendants, by orally telling LaRovera of their intent to renew[1] and by handing him written notice of that intent, had given LaRovera effective notice of their intention to renew. Essential to this conclusion was the court's finding that LaRovera had waived the clause in the lease that required that notice of intent to renew be sent by registered mail, return receipt requested. We agree.

Although a notice requirement in an option to renew a real estate lease is a condition precedent to exercising the option, it is for the benefit of lessors and can be waived orally or by conduct. *Adam* v. *Consolini,* 135 Conn. 321, 324, 64 A.2d 44 (1949); see also *Zaniewski* v. *Mancinone,* 37 Conn. Sup. 698, 435 A.2d 50 (1981). The trial court found that LaRovera had conducted his business affairs in an informal manner, from an office in the same building as the defendants' shop, and that the parties therefore had dealt with each other in person, without resort to the mails. The defendants testified that they did not even know LaRovera's busi-

---

[1] In his brief, the plaintiff states that "there is absolutely no testimony by any witness or any other evidence in the record indicating that this conversation took place." In fact, the defendant George Chiodo testified to having a "full conversation" with LaRovera regarding the renewal of the lease only days before handing LaRovera the check.

ness mailing address.[2] Given that the defendants, in response to the location and preference of their landlord, had established a course of performance of transacting business in person, the trial court reasonably found such conduct by LaRovera to have waived the registered mail provision in the defendants' renewal option.

The trial court found that the defendants fulfilled the remaining conditions precedent to the renewal of their lease when they timely provided LaRovera written notice of their intent to renew the lease. The trial court's finding is supported by the evidence and we will not disturb it.

There is no error.

In this opinion the other judges concurred.

[2] The plaintiff argues that the defendants, whose place of business was in the same building as LaRovera's, have no tenable argument for not knowing his address. The plaintiff did not present any evidence, however, that LaRovera received his business mail at his office as opposed to a post office box or some different business address.