DAVID A. ALTSCHULER TRUST *v.* ANDREW
BLANCHETTE ET AL.
(12070)

O'CONNELL, LANDAU and HEIMAN, Js.

Argued December 2, 1993—decision released February 8, 1994

*Edward J. Dolan,* with whom on the brief was *Kent Harvey,* for the appellants (defendants).

*Paul J. Dorsi,* for the appellee (plaintiff).

O'CONNELL, J. This is an action to recover rent in which, following a trial to the court, judgment was rendered in favor of the plaintiff. On appeal, the defendants raise the following issues: (1) Did the trial court improperly hold that the defendants breached their contractual obligations to the plaintiff? (2) Did the lease provide a covenant to renew or a covenant to extend the lease? (3) Is the doctrine of part performance applicable to the case? (4) What is the effect of the plaintiff's failure to reply to special defenses? We reverse the judgment of the trial court.

The following facts are necessary for the disposition of this appeal. The plaintiff, David A. Altschuler Trust, is a family trust, the sole asset of which is a commercial building in West Haven. On November 28, 1984, the plaintiff leased approximately 640 square feet to Allstate Insurance Company. The lease was for a three year term "commencing December 1, 1984 and expiring November 31 [sic], 1987."[1] Allstate, with the plaintiff's consent, assigned its leasehold interest to the defendants, three Allstate insurance agents who moved into the premises and conducted business therefrom. When the lease expired on November 30, 1987, the defendants did not move out but remained in occupancy until August, 1989.

The trial court held the defendants liable on the basis of an extension of the lease to another three year term, expiring November 30, 1990. After crediting rent received in mitigation of damages from a new tenant, the trial court rendered judgment for the plaintiff.

The central issue is the status of the defendants when they remained in possession of the premises after the lease expired on November 30, 1987. Paragraphs sixteen and thirty-two of the lease are relevant. Paragraph

[1] We will treat this obvious scrivener's error as intending to refer to November 30, 1987.

thirty-two provided for renewal of the lease for another three year term,[2] and paragraph sixteen established the legal relationship between the plaintiff-lessor and the defendant-lessees in the event the lessees remained in the premises without having executed a new written lease.[3]

The defendants argue that the option in paragraph thirty-two constituted a covenant to renew the lease whereas the plaintiff contends that paragraph thirty-two created a covenant to extend the lease. Our case law recognizes a technical distinction between a covenant to renew a lease and a covenant to extend a lease. *Johnson* v. *Mary Oliver Candy Shops, Inc.*, 116 Conn. 86, 89, 163 A. 606 (1933); *City Coal Co.* v. *Marcus,* 95 Conn. 454, 459, 111 A. 857 (1920). A covenant to renew a lease requires a new written instrument, whereas a new written instrument is not required by a covenant

---

[2] "RENEWAL

"32. Lessee, at its option shall be entitled to one successive renewal hereof, for a term of three years upon the same terms and conditions as set forth herein except that the rental rate shall be as described below. *Said option to be exercised in writing* at least 90 days prior to the expiration of the original or succeeding terms.

a. First year of renewal: $9,600.00 per year, $800 per month:

b. Second year of renewal: $10,200.00 per year, $850 per month:

c. Third year of renewal: $10,800.00 per year, $900 per month." (Emphasis added.)

[3] "HOLDING OVER BY LESSEE

"16. If Lessee shall remain in the demised premises after the expiration of this lease without having executed a new written lease, then Lessor shall have the option to treat Lessee either (a) as one not lawfully entitled to possession of the premises, and shall thereupon be entitled to take all lawful action, for Lessee's immediate removal therefrom, or (b) as a tenant for the next ensuing calendar month and for each separate ensuing calendar month thereafter, in which case said tenancy may be terminated by either Lessor or Lessee at the end of any calendar month upon thirty days' *prior written notice,* and Lessee shall pay monthly rent at the rate herein specified for each such month. No such holding over shall give rise, whether by operation of law or otherwise, to any other term or tenancy than that set forth in this paragraph." (Emphasis added.)

to extend because the original lease operates as a continuous one. *City Coal Co.* v. *Marcus,* supra. This distinction is particularly important if a question of satisfaction of the statute of frauds is involved.

In the present case, we do not reach the question of whether the lease created a covenant to renew or a covenant to extend. Paragraphs sixteen and thirty-two both require a writing if the landlord-tenant relationship is to be continued for another three years.[4] Whether it is called an extension or a renewal, it had to be in writing. Because there was no writing of any kind executed by the parties, the terms of the lease have not been satisfied.

Paragraph sixteen contemplated the possible creation of this situation wherein lessees remained in occupancy without a new written document. Under paragraph sixteen, the plaintiff had a choice of (1) immediately evicting the lessees or (2) treating them as month-to-month tenants. The plaintiff elected the second option and a month-to-month tenancy ensued. Moreover, paragraph sixteen expressly provided that "[n]o such holding over shall give rise, whether by operation of law or otherwise, to any other term or tenancy . . . ." This paragraph is consistent with General Statutes § 47a-3d, which provides that "[h]olding over by any lessee after the expiration of the term of his lease, shall not be evidence of any agreement for a further lease."

Following the November, 1987 expiration, the defendants paid rent in the amount required by paragraph thirty-two as if they had renewed the lease. The trial court concluded that this payment of increased rent demonstrated that the defendants had exercised their option to extend the lease. This is not the law. In *Johnson* v. *Mary Oliver Candy Shops, Inc.,* supra, 90,

[4] See footnotes 2 and 3.

our Supreme Court held that a tenant's continued occupancy after expiration of a lease and payment of increased rent required by a renewal option is not evidence of an agreement for a future lease.

In its oral ruling and special finding, the trial court concluded that the plaintiff had waived the written notice requirement under paragraph thirty-two, thus binding the defendants to an additional three year lease. According to the trial court, since the writing requirement under paragraph thirty-two existed for the benefit of the landlord, it could be waived by the landlord at anytime.[5] Our case law is clear that a landlord may be deemed to have waived the notice requirements for a renewal or extension option in circumstances where the tenant is seeking to hold the landlord to an extension of the term. *Adam* v. *Consolini,* 135 Conn. 321, 324, 64 A.2d 44 (1949); *Johnson* v. *Mary Oliver Candy Shops, Inc.,* supra; *Perrotti* v. *Chiodo,* 21 Conn. App. 288, 290, 573 A.2d 342 (1990). There is, however, no support in our law for the plaintiff's position that a landlord may waive the notice requirements in a lease in an attempt to bind the tenant to an extension of the lease. "The lease gives . . . no such right [to the plaintiff,] the option of an extension or renewal being solely that of the tenant." *Johnson* v. *Mary Oliver Candy Shops, Inc.,* supra.

Because our conclusion that the defendants were month-to-month tenants pursuant to paragraph sixteen

---

[5] The plaintiff cites *Zuckerman Group* v. *Raveis,* 4 Conn. App. 568, 495 A.2d 300, cert. dismissed, 197 Conn. 811, 499 A.2d 62 (1985), in support of its claim that a landlord may properly waive the notice requirements in an option to extend and hold the tenant to an extension of the term. The plaintiff's reliance on *Zuckerman Group* is misplaced. *Zuckerman Group* stands for the proposition that the issue of whether an option to extend has been exercised is a question of fact for the trial court. *Zuckerman Group* v. *Raveis,* supra, 571. Waiver of the writing requirement was not before the court.

of the lease is dispositive of this appeal, we do not reach any of the defendants' other issues or any of the issues raised by the plaintiff in its counterstatement of issues.[6]

The judgment is reversed and the case is remanded with direction to render judgment for the defendants.

In this opinion the other judges concurred.

[6] The plaintiff's counterstatement of issues is as follows:

"I. Whether clause #32 provided an option to extend the lease as opposed to a covenant to renew the lease.

"II. Whether the trial court correctly held that any ambiguity should be interpreted in the plaintiff's favor.

"III. Whether evidence and case law supports the trial court's finding that the defendants exercised their option to extend the lease.

"IV. Whether the plaintiff failed to answer the defendants' *special defense,* and whether the defendants' failure to properly serve the plaintiff bars any such claim the defendants may have had." (Emphasis in original.)