[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' MOTION TO DISMISS DUE TO ALLEGEDLY DEFECTIVENOTICE TO QUIT
CT Page 11843
Plaintiff Nicholas Pastore brings this summary process action against P. C. Enterprises, Inc. to recover possession of certain premises known as 1315 Boston Post Road in Madison, Connecticut. The plaintiff claims that the parties entered into a written lease for a ten-year period, which by its terms expired on August 14, 1994. The plaintiff further claims,inter alia, that although the lease required the defendant to operate a Mister Donut franchise, as well as restricted the use to a coffee shop and related uses, the defendant is operating a Dunkin Donut franchise and an ice cream parlor.
On or about August 5, 1994 plaintiff Nicholas Pastore sent to defendant P.C. Enterprises a letter informing the defendant that the lease will expire on August 14, 1994 since the defendant has not expressed any intention to use the provision in paragraph 27 of the lease which allowed automatic renewal of the lease by the lessee's providing notice of its intent to renew at least six months prior to the expiration of the term. Therefore, the letter states that the lease will terminate on August 14, 1994, by lapse of time. The letter further states that the defendant is in default of the lease by its operating an ice cream establishment at the premises in violation of paragraph 2 which limits the use to a coffee shop. The letter concludes with the following language: "As a result of the aforesaid breach, we are terminating the Lease immediately and insist that you vacate the premises by the date set for expiration — Sunday, August 14, 1994." The defendant does not dispute receiving this letter.
On August 19, 1994, the plaintiff served upon the defendant a Notice to Quit, informing the defendant to quit possession of the premises on or before August 31, 1994, for the following reasons: lapse of time, and violation of rental agreement. The defendant has filed a Motion to Dismiss in which it claims 1) that the Notice to Quit is defective since it sets forth a quit date prior to the expiration of the current month of the lease; and 2) that it does not specify the terms of the lease which the defendant allegedly violated. Furthermore, the defendant claims that this action should be dismissed since the plaintiff did not honor a provision in paragraph sixteen of the lease which provides that the plaintiff shall give to the defendant notice of a violation CT Page 11844 of the lease and allow the defendant sixty days within which to cure the violation.
The plaintiff claims that since the written lease expired by its own terms on August 14, 1994, and no other rental agreement, oral or otherwise existed after that date, the quit date of August 31, 1994 is not premature. The court agrees. Certainly Welk v. Bidwell, 136 Conn. 603
(1950) supports this position. Clearly there is no record conduct of the plaintiff which evidences an intention to create a tenancy beyond August 14, 1994. C.f. DavidA. Altschuler Trust v. Blanchette, 33 Conn. App. 570
(1994). Regarding defendant's contention that the Notice to Quit did not specify the violation of the lease, the Court finds that plaintiff's letter of August 5, 1994, supplies sufficient luminance of the term "violation of lease," so as to pass muster. Thomas E. Golden RealtyCompany, v. Society for Savings, 31 Conn. App. 575, 580, 581
(1993).
The Court accepts the defendant s argument that the plaintiff did not provide it with sufficient notice and a sixty-day time to cure any claimed violation of the lease. Nevertheless, this argument does not defeat the validity of the Notice to Quit on the ground of lapse of time.
For the foregoing reasons, the Court finds the Notice to Quit valid for termination due to lapse of time. However, said notice is invalid if used to support termination due to the term violation of lease.
Clarance J. Jones, Judge