[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court having heard the evidence, and the parties having declined to file post-trial briefs, the court finds the allegations of count one and three of the complaint proven. The court finds that the defendant has failed to prove his second special defense. That portion of the license agreement that is allegedly against public policy is not sought to be enforced by the plaintiff and is certainly severable from the remainder of the agreement. In any event, this defense not having been briefed is deemed abandoned.
As for the defendant's first special defense, it is found CT Page 6435-a that in early January, 1988, the plaintiff issued a letter to the defendant dated January 5, 1998, which stated as follows:
"Reference: License Agreement No. 9584
"Dear Mr. Levine:
"Reference is made to a Temporary License Agreement #9584 between Connecticut Post Limited Partnership as Licensor and Robert Levine as Licensee covering the space in front of Filene's Court at Connecticut Post Mall which has expired on 12/31/97. Your failure to vacate the premises has created a potentially damaging situation for the Licensor. As such, for each day you remain in occupancy, the rent shall be adjusted to $1,000 per day. You are urged to take immediate action to vacate the area or we shall be forced to take additional steps to protect our interests.
"Please call the management office to discuss relocation and a new license agreement. Your immediate attention to this matter is anticipated.
"Sincerely,
s/ Jane Kronick Specialty Leasing Manager"
In mid-January, the defendant proffered a $1,500.00 check, which contained the word "rent" on it. The plaintiff accepted and cashed the check. The defendant claims that a month-to-month tenancy was thereby created. However, I do not find a meeting of the minds necessary to create such a tenancy.
The defendant was not under a duty to pay anything to the plaintiff in January, with the exception of money for use and occupancy. There was no previous lease agreement based on an agreed upon monthly rental, or any terms in the previous agreement that could be carried over. Compare Berlingo v.Sterling Ocean House, Inc., 5 Conn. App. 302, 307 (1986) (tender and acceptance of an agreed upon rental payment at the end of a one month tenancy creates a new month-to-month tenancy);Bridgeport v. Barbour-Daniels Electronics, Inc.,16 Conn. App. 574, 578, cert. denied, 209 Conn. 826 (1988) (tender and acceptance of a rental payment at the end of the lease term creates a month-to-month tenancy); Perrotti v. Chiodo, CT Page 643621 Conn. App. 288 (1990) (cashing check which had written note that tenant was exercising option to renew was acceptance of renewal under the predefined terms for renewal). See discussion on pages 3-6 of prior memorandum of decision in this case.
Here, by contrast, there were no preexisting lease terms. The plaintiff's January 5, 1998 letter at best offered a day-to-day tenancy with "until you vacate the kiosk" as the terms and $1,000 per day as the rent. At best the letter was an offer to negotiate a new agreement on different terms. It also made it clear that the current situation was unacceptable to the plaintiff, and proposed "further discussion concerning relocation and a new license agreement." There was no clear intent manifested in this letter to offer anything that the defendant could secure by simply tendering a rent payment. I recognize that "a manifestation of mutual assent may be made even though neither offer nor acceptance can be identified and even though the moment of formation cannot be determined." Presidential CapitalCorp. v. Reale, 231 Conn. 500, 506 (1994). However, "[w]hether and on what terms a contractual commitment has been undertaken are ultimately questions of fact for the trier. . . ."Id. The reality is that the plaintiff wanted the defendant out of the Mall and that very little, if any, intent at all accompanied its cashing of the defendant's check. There was no meeting of minds.
Judgment of possession may enter for the plaintiff.
BY THE COURT
Bruce L. LevinJudge of the Superior Court