[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff is seeking money damages for an alleged default of a commercial lease.
The parties entered into a three year lease from April 1, 1998 to March 31, 2001. The lease contains a provision (Section 28.12) that gives the defendant an option to renew the lease for an additional three years. Under the terms of the lease, the option must have been exercised between April 1, 2000 and September 30, 2000. The option was also required to be CT Page 1263 in writing.
The plaintiff filed a Complaint with the court on May 4, 2001, alleging that the defendant exercised the option to renew the lease by way of a letter she sent to the plaintiff dated November 6, 2000. The plaintiff further alleges that the defendant subsequently defaulted on the lease by subsequently entering into a lease for another property and abandoning the leased premises as of April 1, 2001. The plaintiff alleges that it relied on the defendant's exercising of the option to its detriment. The defendant denied exercising the option to renew the lease.
The lease was entered into evidence as Plaintiff's Exhibit 1. The letter in question sent by the defendant on November 6, 2000 was entered into evidence as Plaintiff's Exhibit 2.
"Whether an option in a lease to renew has been exercised is a question of fact for the trial court, which looks to the intent of the parties . . ." Zuckerman Group v. Raveis, 4 Conn. App. 568, 571 cert. dismissed197 Conn. 811 (1985). Based on the applicable law, the evidence and testimony introduced at trial, and the reasonable inferences drawn therein, this court finds that the defendant did not exercise the option to renew the lease.
Paragraph 28.12 of the lease expressly states that the option be exercised no earlier than April 1, 2000 and no later than September 30, 2000. The letter the defendant sent to the plaintiff is dated November 6, 2000. The plaintiff's manager Craig Way testified that he "verbally waived" that provision of the lease. However, Paragraph 24.03 states that ". . . no subsequent alteration amendment, change or addition to this lease shall be binding upon Landlord or Tenant unless reduced to writing and signed by the party against whom enforcement is sought." There is no such evidence of any waiver of the time limit that controlled when the option had to be exercised.
In closing arguments plaintiff cited the case of Perrotti v. Chiodo,21 Conn. App. 288 (1990), which states that although a notice requirement in an option to renew is a condition precedent to exercising the option, it is for the benefit of the lessors and can be waived orally. Perrotti,21 Conn. App. 288, 290 citing Adam v. Consolini, 135 Conn. 321, 324
(1949). However, the present case is distinguishable from these cases. In the case cited by plaintiff's counsel, the tenants were trying to hold the landlord to an extension of the lease. In the present case, the landlord is trying to told the tenant to an extension of the term, which distinguishes it from the Perrotti case. See Johnson v. Mary Oliver CandyShops, Inc., 116 Conn. 86, 90 (holding that when the landlord is seeking to hold the tenant to an extension of the lease, the notice provision of CT Page 1264 the lease cannot be waived.)
Additionally, this court finds there was no meeting of the minds between the parties regarding the exercise of the option. The court must find that the parties' minds had truly met in order to find that an enforceable contract exists. Hoffman v. Fidelity Casualty Co.,125 Conn. 440, 443-44 (1939). As long as any essential terms are left open for further consideration, there is no mutual understanding between the parties and therefore no enforceable contract. LR Realty v.Connecticut National Bank, 53 Conn. App. 524, 535 cert. denied250 Conn. 901 (1999).
The letter the defendant sent to the plaintiff allegedly exercising her option to renew asks the plaintiff's manager to contact the defendant with further information. The defendant testified that she wanted the rent changed and was waiting to hear back from the plaintiff on this. The defendant also wanted to discuss other changes to the lease. The court finds that there was no meeting of the minds between the parties and therefore no enforceable agreement regarding the exercise of the option to renew; the fact that essential terms such as the rent were not in agreement clearly supports this finding.
Judgment may enter in favor of the defendant.
BRIAN T. FISCHER